## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BCBSM, INC., d/b/a BLUE CROSS and BLUE SHIELD OF MINNESOTA, on behalf of itself and those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>VYERA PHARMACEUTICALS, LLC, PHOENIXUS AG, MARTIN SHKRELI, and KEVIN MULLEADY,<br><br>Defendants. | Case No. 1:21-cv-1884-DLC |

## [PROPOSED] STIPULATED PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure 26(c), the undersigned Parties to the above-captioned case (the "Litigation"), through their respective counsel, agree that the terms and conditions of this Protective Order (the "Order") shall govern the production and handling of all documents, items, or other information exchanged by the Parties and/or non-parties in the Litigation including, without limitation, responses to requests for production, interrogatories, requests for admissions, pleadings, exhibits, and deposition or other testimony, regardless of the medium or manner in which any such materials are generated, stored, or maintained. This includes any material produced, filed, or served by any Party or non-party during discovery in this Litigation, or any information included in any such material. The Court finds that good cause exists for entry of a protective order in this Litigation to prevent unauthorized disclosure and use of trade secrets and other confidential information during and after the course of the Litigation.

Accordingly, **IT IS HEREBY ORDERED AS FOLLOWS:**

1.     **Persons/Entities Covered**. This Order is binding upon all current and future Parties to this Litigation, including their respective corporate parents, subsidiaries, affiliates, successors, or assigns and their respective counsel, agents, representatives, officers, and employees and any others set forth in this Order. This Order shall also apply to any materials produced in discovery in this Litigation by non-parties. This Order does not limit any Party's or non-party's rights with respect to its own materials that it produces in discovery in this Litigation. When conducting discovery from non-parties, the Parties to this Litigation shall provide notice of the terms of this Order to such non-parties.

2.     **Designation of Materials**. Any Party or non-party responding to discovery requests or providing materials in connection with this Litigation ("Producing Entity"), or any Party that has an articulable confidentiality interest in the produced material choosing to designate materials produced by any Party or non-party ("Designating Party"), may designate all, or any part, of a document, discovery response, deposition, or other material as Confidential Material or Highly Confidential Material (defined below) based on a good-faith belief that such materials qualify for that designation under the terms of this Order:

a)     "Confidential Material" shall mean (i) any information, testimony, or tangible thing produced during discovery that reveals a trade secret, confidential research, analysis, development, or commercial or business information that is commercially sensitive, and has not been released into the public domain (unless through unauthorized disclosure); (ii) personal identifying information, information that has the potential to subject any person to embarrassment, humiliation or ridicule, or personal information that is protected from disclosure by statute, regulation, or is otherwise entitled to protection from public disclosure; (iii) any other information for which a good faith claim of need of protection can be made under the Federal

Rules of Civil Procedure and/or applicable law; or (iv) information required by agreement to be kept confidential.

b)      "Highly Confidential Material" shall mean any Confidential Material that, if disclosed, is likely to cause significant competitive or commercial harm. By way of example only, Highly Confidential Material may include: trade secrets; sensitive and non-public research or analysis; competitively sensitive customer information; financial, marketing, or strategic business planning information; current or future pricing information; information relating to research, development, testing of, or plans for existing or proposed future products; information relating to the processes, apparatus, or analytical techniques used by a Party or non-party in its present or proposed commercial production of such products; information relating to pending New Drug Applications or Abbreviated New Drug Applications that have not been made available to the public; information relating to pending or abandoned patent applications that have not been made available to the public; personnel files; and communications that disclose any Highly Confidential Material. Material that is more than three (3) years old at the time of production is presumptively not entitled to protection as Highly Confidential Material; provided, that such material may be considered Highly Confidential Material if it discloses or relates to current business practices.

c)      Confidential and Highly Confidential Material, respectively, shall include: (i) all copies, extracts, and complete or partial summaries prepared from such Confidential or Highly Confidential Material; (ii) portions of deposition transcripts and exhibits thereto that contain or summarize the content of any such Confidential or Highly Confidential Material; (iii) portions of briefs, memoranda, or any other writings filed with the Court and exhibits thereto that contain or summarize the content of any such Confidential or Highly Confidential Material; (iv)

written discovery responses and answers that contain or summarize the content of any such Confidential or Highly Confidential Material; and (v) deposition testimony designated in accordance with Paragraph 2(e) below. Nothing in this Order shall preclude or limit a Party's or their counsel's ability to summarize or characterize the nature of the Confidential or Highly Confidential Material disclosed in discovery to persons involved in the supervision of this Litigation who are not otherwise authorized to receive Confidential or Highly Confidential Material, provided that the specific contents of Confidential or Highly Confidential Material are not disclosed through such summaries or characterizations.

d)      Any document produced by a Producing Entity or designated by a Designating Party in this Litigation may be designated as Confidential Material by marking it "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" on the face of the document at the time of production. Any document produced by a Producing Entity or designated by a Designating Party in this Litigation may be designated as Highly Confidential Material by marking it "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" on the face of the document at the time of production. A Producing Entity or Designating Party may also designate electronic documents and other non-paper media as Confidential Material or Highly Confidential Material, as appropriate, by: (i) noting such designation in an accompanying cover letter; (ii) affixing the confidentiality designation to the material or its container, including the appropriate confidentiality designation in the load file provided with the electronic production; (iii) including the appropriate confidentiality designation in the name of the file(s) provided with the electronic production; or (iv) using any other means that reasonably notifies the receiving party of the designation.

e)      Testimony provided in this Litigation may be designated as Confidential Material or as Highly Confidential Material if the testimony would reveal the Designating Party's or non-party's Confidential Material or Highly Confidential Material. The Party or non-party desiring to designate any portion of testimony as Confidential Material or Highly Confidential Material shall do so by so stating orally on the record on the day that the testimony is being given. Following any such oral designation, the confidential portions of the deposition shall be taken only in the presence of persons entitled to access to such information under this Order, provided that in-house counsel authorized to receive Confidential Material pursuant to Paragraph 3(c) below shall only be excluded from the portion of the deposition that contains questions and answers that reveal the content of information designated as Highly Confidential. A Producing Entity or Designating Party may designate any or all portions of the transcript and/or video of any deposition (or of any other testimony) as containing Confidential Material or Highly Confidential Material in accordance with this Order by notifying all other Parties in writing within fourteen (14) business days of the Producing Entity's or Designating Party's receipt of the final transcript that the transcript contains Confidential Material or Highly Confidential Material and designating the specific pages and/or lines as containing Confidential Material or Highly Confidential Material. All transcripts and/or videos of testimony in this Litigation shall be treated as Highly Confidential Material and subject to this Order until fourteen (14) business days after a final transcript of the deposition (or other testimony) is received by the Producing Entity. Any portion of any deposition testimony that is not designated as Confidential Material or Highly Confidential Material in accordance with this Paragraph within fourteen (14) business days after a final transcript and/or video of the deposition (or other testimony) is received by the Producing Entity shall not be entitled to the protections afforded Confidential or

Highly Confidential Material under this Order, except upon a showing of good cause. The term "testimony," as referred to in this Paragraph, shall not be construed to apply to in-court testimony.

       f)      Any discovery material generated in the related action, *FTC v. Vyera Pharmaceuticals,* No. 1:20-cv-0706-DLC (the "Government Action"), to the extent produced as discovery in this Litigation, shall retain the confidentiality designation(s) applicable thereto in the Government Action.

       g)      Notwithstanding any of the foregoing, information shall be deemed non-confidential material under this Order if it is in the public domain, is already known to a party through proper means and on a non-confidential basis, or is or becomes available to a party from a source rightfully in possession of such information on a non-confidential basis.

    3.     **Individuals to Whom Confidential Material May Be Disclosed**.  Unless otherwise ordered by the Court or permitted in writing by the Producing Entity or the Designating Party, Confidential Material may only be disclosed to:

       a)      Defendants Martin Shkreli and Kevin Mulleady;

       b)      The Court and court personnel, including assistants, clerks, law clerks, and other support staff (this category hereinafter referred to as the "Court");

       c)      Attorneys for a Party who are working on this Litigation and their employed or retained secretaries, paralegals, legal assistants, and support services (including, without limitation, copy services, jury consultants, interpreters, translators, document management services, graphics services, and similar professional services) (this category hereinafter referred to as "Attorneys"). Attorneys shall include in-house counsel actively

involved in the prosecution or defense of this Litigation, provided that they have executed the agreement annexed hereto as Exhibit A;

       d)     Court reporters, court videographers, and similar transcription services and their support staff providing services in court or at depositions for the purpose of assisting the Court in this Litigation (this category hereinafter referred to as "Court Reporters");

       e)     Any expert or consultant (including all non-party personnel and support staff assisting such expert or consultant, but not the entity itself by which such expert or consultant and assisting personnel are employed) who is retained by or for the benefit of, or otherwise consulting with, any of the Parties in this Litigation to assist counsel in this Litigation (this category hereinafter referred to as "Experts"), provided that the Expert(s) has executed the agreement annexed hereto as Exhibit A;

       f)     Any mediators engaged by the Parties or appointed by the Court, and their support staff (this category hereinafter referred to as "Mediators"), provided that the Mediator(s) has executed the agreement annexed hereto as Exhibit A;

       g)     Any person whom Attorneys for a Party have a good faith basis to believe authored or previously received the material;

       h)     The Producing Entity's current directors or officers;

       i)     The Producing Entity's current employees;

       j)     Any person who has been designated as a Rule 30(b)(6) witness by the Producing Entity;

       k)     Any witness that has or had possession of the material or access in the ordinary course of business to the material.  If a Receiving Entity wishes to show a witness material that partially meets this criteria (e.g., an email between two entities that is later

forwarded internally within one entity, and that intra-entity discussion contains Highly Confidential Material), then the Receiving Entity may redact the entirety of the material that the Receiving Entity has reason to believe that the witness did not see previously;

l)      During the conduct of hearings or depositions, or in preparation specifically for a scheduled hearing or deposition, witnesses in the Litigation to whom disclosure is reasonably necessary and who have executed the agreement annexed hereto as Exhibit A (this category hereinafter referred to as "Witnesses");

m)      Any person other than those listed in this section for whom a Party requests permission to disclose Confidential Material by providing counsel for the Producing Entity or Designating Party with advance written notice, via electronic mail or hand delivery, at least seven (7) business days before any such disclosure. Any request shall state the specific material to be disclosed and the identity of each person to whom the material will be disclosed. The Producing Entity or Designating Party shall respond in writing within seven (7) business days of its receipt of such written request. A failure to respond within such time shall constitute consent to the request. If the Producing Entity or Designating Party objects to the disclosure, the party seeking disclosure shall not make the disclosure. The Party seeking disclosure may move the Court for an order allowing such disclosure;

n)      Any entity with which a Party has a contract of insurance, including attorneys who serve as counsel to the insurance provider (this category hereinafter referred to as "Insurers"), provided that the Attorneys for the Party have a good faith reason to believe that the Insurer(s) has a need to review such material for purposes of effectuating the contract of insurance, and provided that the Insurer(s) (and the Insurer's counsel, if applicable) has executed the agreement annexed hereto as Exhibit A; and

    o)      Any other person to whom the Producing Entity or Designating Party consents in writing or by order of the Court.

4.    **Individuals to Whom Highly Confidential Material May Be Disclosed**. Unless otherwise ordered by the Court or permitted in writing by the Producing Entity, Highly Confidential Material may only be disclosed to the following, as defined in Paragraph 3 above:

    a)      The Court;

    b)      Attorneys for the Parties to this Litigation other than in-house counsel for Defendants Vyera Pharmaceuticals, LLC and Phoenixus AG;

    c)      Individual defendants Kevin Mulleady and Martin Shkreli, but only with respect to material designated as Highly Confidential by Phoenixus AG and Vyera Pharmaceuticals, LLC;

    d)      Court Reporters;

    e)      Experts, provided that they have executed the agreement annexed hereto as Exhibit A;

    f)      Mediators, provided that they have executed the agreement annexed hereto as Exhibit A;

    g)      Insurers, provided that they have executed the agreement annexed hereto as Exhibit A;

    h)      Any person who has been designated as a Rule 30(b)(6) witness by the Producing Entity;

    i)      Witnesses in this Litigation; provided, however, that such disclosure shall only be made to a Witness:

(i)     who is a current employee of the Producing Entity and who has or had an authorized right of access to the material in the ordinary course of that employment;

(ii)    who is a former employee of the Producing Entity and who had an authorized right of access to the material in the ordinary course of that employment at the time the Highly Confidential Material was created or exchanged; or

(iii)   who is an author, addressee, or recipient of the material in question or if there are other indicia that the witness has seen the document previously during the course of his or her employment with the Producing Entity;

j)     Any Party may request permission to disclose materials designated as Highly Confidential or otherwise covered by this Order to a person other than those listed in this section by providing counsel for the Producing Entity or the Designating Party with advance written notice via electronic mail at least seven (7) business days before any disclosure. Any request shall state the specific material to be disclosed and the identity of each person to whom the material will be disclosed. Counsel for the Producing Entity or the Designating Party shall respond in writing via electronic mail within seven (7) business days of its receipt of such written request. A failure to respond within such time shall constitute consent to the request. If the Producing Entity or the Designating Party objects to the disclosure, the party seeking disclosure shall not make the disclosure. The Party seeking disclosure may move the Court for an order allowing such disclosure; and

k)     Any other person to whom the Producing Entity or the Designating Party consents in writing or by order of the Court.

5.     **Handling of Confidential Material and Highly Confidential Material**.  All
material designated as Confidential or Highly Confidential shall remain in the possession of the
Attorneys who receive such material through discovery in this Litigation, and they shall not
release or disclose the nature, substance, or contents thereof, except that copies of such materials
may be made for the use of those assisting the Attorneys to whom disclosure may be made under
Paragraphs 3 and 4 above, including Experts, and copies of such materials may be submitted to
the Court under seal as necessary. To the extent that Attorneys for any Party disclose
Confidential Material or Highly Confidential Material, as contemplated in Paragraphs 3 and 4
above, that Party shall obtain from that person a fully executed copy of the agreement annexed
hereto as Exhibit A as required, and shall ensure that the person complies with the requirements
contained therein, including but not limited to the destruction of Confidential Material and
Highly Confidential Material upon the completion of the person's assigned duties, as required by
Paragraph 5 of Exhibit A.  To the extent any person has previously executed a copy of Exhibit A
to the Stipulated Protective Order in place in the Government Action (Dkt. No. 92), such
execution shall constitute an agreement to be bound by the terms of this Order, and such person
need not execute a separate copy of Exhibit A hereto.

6.     **Inadvertent Failure to Designate as to Confidentiality**. Except to the extent
provided in Paragraph 2(e), in the event that a Producing Entity or Designating Party fails to
designate confidential material as Confidential or Highly Confidential, the party in receipt of that
material (the "Receiving Party") shall, upon a written request from the Producing Entity or the
Designating Party, treat and preserve such information, document, paper, or other thing in
accordance with the confidentiality designation that the Producing Entity or Designating Party
states should have been affixed to it. Where a Producing Entity issues such written request, the

Producing Entity shall re-produce the information, document, paper, or other thing with the appropriate confidentiality designation unless doing so would not be feasible (as, for example, in the case of a final deposition transcript). Each Receiving Party shall replace the incorrectly designated materials with the newly designated materials, destroy the incorrectly designated materials, and treat the materials in accord with their new designation. Where a Designating Party issues such written request, the Receiving Party shall affix a designation to the materials that is sufficient to identity them as Confidential or Highly Confidential, as appropriate, and shall treat the materials in accord with their new designation. Except as provided in Paragraph 2(e), the inadvertent failure of a Party or non-party to designate material as Confidential or Highly Confidential at the time of production shall not be deemed a waiver of the protections afforded by this Order, either as to specific information in the material or as to any other information relating thereto or on the same or related subject matter. No Party shall be deemed to have violated this Order if, prior to notification of any later designation, such material has been disclosed or used in a manner inconsistent with the later designation. If material inadvertently not designated as confidential was filed with a court on the public record or otherwise disclosed before the time of the material's later designation, then the Producing Entity or the Designating Party shall be responsible for seeking appropriate relief, including return of the material.

7.   **Challenging a Confidentiality Designation.**

a)   A Receiving Party shall not be obligated to challenge the propriety of a Confidential or Highly Confidential designation at the time the designation is made. A Receiving Party may challenge a confidentiality designation at any time, and a Receiving Party's failure to have made such a challenge at any previous time, including after acceptance or receipt of

material with a confidentiality designation, shall not be deemed a waiver of the Receiving

Party's right to challenge any confidentiality designation.

b)      A Receiving Party seeking to challenge a Confidential or Highly

Confidential designation shall give notice in writing of such challenge to counsel for the

Producing Entity or the Designating Party, specifying Bates numbers or otherwise identifying the

materials at issue and setting forth the basis for the Receiving Party's challenge.

c)      Within seven (7) days of receipt of written notice that the Receiving Party

objects to the confidentiality designation, counsel for the Producing Entity or the Designating

Party shall meet and confer with counsel for the Receiving Party to attempt to resolve the

challenge.

d)      If the Receiving Party and Producing Entity or Designating Party are

unable to resolve the challenge, then the Receiving Party may move the Court for an order

removing the challenged material from the restrictions of this Order. Any papers filed in support

of or in opposition to this motion shall, to the extent necessary, be filed pursuant to Paragraph 8

below of this Order. The Producing Entity or the Designating Party bears the burden of proof on

the issue of the propriety of the challenged confidentiality designation.

e)      Until the parties or the Court resolves a challenge to the designation of

Confidential Material or Highly Confidential Material, the asserted designation shall remain in

effect.

8.      **Filing Confidential Material and Highly Confidential Material**. In accordance

with Rule 8.B of Judge Cote's Individual Practices in Civil Cases, a Party shall seek leave of

Court if the Party intends to file any document, including but not limited to pleadings, motions,

transcripts, or other filings that disclose the substance thereof, requiring redaction of Confidential

or Highly Confidential Materials. Any document containing Confidential Material or Highly Confidential Material shall be deemed timely filed when (i) a request for filing under seal is filed with the Court and (ii) an electronic version of the complete, unredacted brief or submission (including any attachments and exhibits) is served upon counsel of record for all Parties via electronic mail or other electronic transmission.

9. **Use of Confidential Material and Highly Confidential Material**.

a) Each Receiving Party shall only use materials produced in discovery in this Litigation, including but not limited to all materials designated Confidential and Highly Confidential, in furtherance of the prosecution, defense, or attempted settlement of this Litigation, and shall not use such materials at any time for any other purpose whatsoever, including, without limitation, any commercial or business purpose, and such materials shall not be disclosed to or made accessible to any person except as specifically permitted by this Order. All materials designated Confidential or Highly Confidential must be stored and maintained by the Receiving Party in a manner no less secure than a Receiving Party would store and maintain its own confidential material or that of its clients.

b) This Order shall not restrict any attorney who is a qualified recipient under the terms of this Order from rendering advice to his or her client that is a Party with respect to these actions, and in the course thereof, from generally relying upon his or her examination of Confidential and/or Highly Confidential Material. In rendering such advice or in otherwise communicating with the client, the attorney shall not disclose directly or indirectly the specific content of any Confidential and/or Highly Confidential Material of another Party or non-party where such disclosure would not otherwise be permitted under the terms of this Order.

c)      If any Confidential Material or Highly Confidential Material is filed in the public record by the Producing Entity or the Designating Party, such public filing shall constitute the Producing Entity's or Designating Party's waiver of the designation of the publicly filed material for its use by any Party in this Litigation; provided, however, that inadvertent disclosure of Confidential or Highly Confidential Material through a public filing shall not constitute a waiver if the inadvertent disclosure is corrected within three (3) business days by withdrawing the public filing containing Confidential or Highly Confidential Material, and the filing is replaced with a filing under seal pursuant to Paragraph 8.  However, such public filing will not constitute a waiver of any confidentiality designations made with respect to any non-publicly filed portions of the publicly filed document or concerning any other material not actually publicly filed.

d)      Nothing in this Order shall be construed to prejudice any Party's right to use Confidential Material or Highly Confidential Material in any hearing or other pre-trial proceeding before the Court, or any Party's right to challenge any such use. If a Party intends to use Confidential and/or Highly Confidential Material in any hearing or other pre-trial proceeding before the Court, it should alert the Court and the Designating Party or non-party in advance of the anticipated use so that the appropriate protections can be put in place. For the avoidance of doubt, this subsection shall not apply to Court filings, and the Parties will comply with all requirements as they relate to materials to be filed under seal.

e)      Further procedures for the handling of Confidential Material and Highly Confidential Material at trial shall be addressed in a final pretrial order. The Parties shall meet and confer to negotiate a proposal for Court approval addressing the treatment of material

previously designated as Confidential or Highly Confidential prior to the entry of a final pretrial order.

10.    **Other Proceedings**.  Any person or Party subject to this Order who receives a subpoena or other request for production of information covered by this Order shall promptly notify the Producing Entity or the Designating Party so that the Producing Entity or the Designating Party may have an opportunity to appear and be heard on whether that information should be disclosed. Confidential and Highly Confidential Materials shall not be produced in any other proceeding, or for any use other than in this Litigation, without an order compelling production from a court of competent jurisdiction or the agreement of the Producing Entity or the Designating Party.

11.    **Unauthorized Disclosure of Confidential or Highly Confidential Information**.

a)    If any person subject to this Order becomes aware that he or she or any other person has, either intentionally or inadvertently, disclosed Confidential Material or Highly Confidential Material to someone not authorized to receive such material under this Order, counsel for the party involved shall (i) immediately inform outside counsel for the Producing Entity or Designating Party whose Confidential or Highly Confidential Material has been disclosed of all known relevant information concerning the nature and circumstances of the disclosure and (ii) use his or her best efforts to obtain the return or destruction of all improperly disseminated copies of such materials (including hardcopies and electronic versions) and to prevent any further improper dissemination of the same. Each Party shall cooperate in good faith in efforts to ensure that no further or greater unauthorized disclosure or use of such material is made and to retrieve any material improperly disclosed.

b)      The Court has jurisdiction to enforce this Order and to grant relief, as authorized by law or in equity, for any violations thereof.

12.    **Inadvertent Production or Disclosure of Privileged Documents**.  If information subject to a claim of attorney-client privilege, work product immunity, or any other applicable privilege or immunity is produced inadvertently, Federal Rule of Evidence 502(d) and Federal Rule of Civil Procedure 26(b)(5)(B) shall apply.

13.    **Non-parties**.

a)      If information sought in a discovery request implicates a Producing Entity's obligation to a non-party not to disclose such information, the following procedures shall be followed unless an order by the Court dictates a different procedure:

(i)      The Producing Entity shall timely serve a written objection to the production of such information on the basis of its obligation to a non-party not to disclose the information.

(ii)      The Producing Entity shall, no later than the date on which written objections are served, provide the non-party written notice of the pending request and a copy of this Order.

(iii)      Unless the non-party objects to the disclosure and seeks a protective order or other appropriate relief from the Court within fourteen (14) days from which the written notice of the pending request was sent by the Producing Entity or such additional time as may be required by the Producing Entity's obligation to the non-party, the Producing Entity shall produce the materials subject to any appropriate designations under the terms of this Order.

(iv)   Should the non-party timely seek a protective order or other appropriate relief from the Court, no disclosure shall be made or required unless disclosure is ordered by the Court.

(v)   Nothing in this Order shall be deemed to prohibit, hinder, or otherwise affect any Party's or non-party's ability to raise any objections on any basis to requests for discovery.

(vi)   Nothing in this Order shall be deemed to require any Producing Entity to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from the Court in connection with obligations imposed by a discovery request.

b)   Notwithstanding the foregoing, if a Producing Entity determines that it is unable to comply with the procedures set forth in section 13(a), it will notify the Party seeking the discovery at issue and meet and confer to determine an alternative procedure.

c)   If any discovery requests are served on a non-party, the Party serving the discovery request shall provide the non-party with a copy of this Order.

14.   **Further Application**. Nothing in this Order shall preclude any Party or any non-party from whom discovery has been requested from applying to the Court for additional or different protective provisions with respect to specific material if the need should arise during the Litigation. The Court shall retain jurisdiction over the Parties, and over any person executing an undertaking to be bound by the terms of this Order, during the pendency of the Litigation and for such time thereafter as is needed to enforce the terms of this Order.

15.   **Reservation of Rights**. By designating any material Confidential or Highly Confidential, the parties do not acknowledge that any such material is relevant or admissible in

this Litigation. All parties reserve the right to seek discovery of, or alternatively to resist discovery of, such material in this Litigation.

16.    **Modification**. The Court retains the right to allow disclosure of any subject covered by this Order or to modify this Order at any time. Furthermore, nothing in this Order shall prejudice the right of the Parties to stipulate (subject to Court approval) to an amendment, modification, or supplement to this Order. Nothing in this Order shall preclude any party from seeking an order of the Court amending, modifying, or supplementing this Order.

17.    **Conclusion of This Litigation**.

a)    The provisions of this Order will not terminate at the conclusion of this Litigation. This Order shall remain in full force and effect unless modified, superseded, or terminated by written agreement of the parties or by an order of this Court.

b)    Within ninety (90) days after such time as a Receiving Party's involvement in this Litigation is concluded, whether by final adjudication on the merits from which there remains no appeal by right or by other means, the Receiving Party shall undertake commercially reasonable efforts (i) to destroy all Confidential Material and Highly Confidential Material (including but not limited to copies in the possession or control of any Expert or employee), and/or (ii) to certify in writing to the Producing Entity or the Designating Party that all such material has been destroyed to the extent practicable. As to those materials that contain, reflect, incorporate, attach, or reference attorney work product, counsel of record for the Parties shall be entitled, without violating this Order, to retain such work product in their files, so long as the terms of this Order will continue to govern any such retained materials.

c)    Notwithstanding any other provision of this Order, counsel shall be entitled to retain pleadings, affidavits, motions, briefs, expert reports (and exhibits thereto),

correspondence (including internal correspondence and e-mail), any other papers filed with the Court (including exhibits), deposition transcripts (including exhibits), and the trial record (including exhibits), even if such materials contain Confidential Material or Highly Confidential Material, so long as this Order will continue to govern any such retained materials. The Receiving Party's reasonable efforts shall not require the destruction of materials that (i) are stored on backup storage media made in accordance with regular data backup procedures for disaster recovery purposes; (ii) are located in the email archive system or archived electronic files of departed employees; (iii) are subject to litigation hold obligations; or (iv) are otherwise required by law to be retained. Backup storage media need not be restored for the purpose of returning or certifying destruction of materials, but any such materials retained in backup storage media shall continue to be treated in accordance with this Order.

18. **Termination of Access**.

a)      In the event any person or Party permanently ceases to be engaged in the conduct of the Litigation, such person's or Party's access to Confidential and Highly Confidential Material shall be terminated, and all copies thereof shall be destroyed in accordance with the terms of Paragraph 17 above, except that such destruction shall take place as soon as practicable after such person or Party ceases to be engaged in the conduct of this Litigation.

b)      The provisions of this Order shall remain in full force and effect as to any person or party who previously had access to Confidential and Highly Confidential Material, except as may be specifically ordered by the Court or consented to by the Producing Entity or the Designating Party.

So ordered:

*Denise Cote*

June 1, 2021

SO ORDERED,

_____
DENISE COTE
United States District Judge

ON BEHALF OF **BCBSM Inc.**

By: _/s/ Kellie Lerner_____

Kellie Lerner
Benjamin Steinberg (admitted _pro hac vice_)
399 Park Avenue, Suite 3600
New York, NY 10022
Telephone: (212) 980-7400
Facsimile: (212) 980-7499
klerner@robinskaplan.com
bsteinberg@robinskaplan.com

_Counsel for Plaintiff BCBSM, Inc., d/b/a_
_Blue Cross and Blue Shield of Minnesota, and_
_the Proposed Classes_


ON BEHALF OF **KEVIN MULLEADY**

By: _/s/ Kenneth R. David_____

Kenneth R. David
KASOWITZ BENSON TORRES LLP
1633 Broadway
New York, NY 10019
Telephone: (212) 506-1893
Facsimile: (212) 506-1800
kdavid@kasowitz.com

_Counsel for Defendant Kevin Mulleady_

ON BEHALF OF **VYERA PHARMACEUTICALS, LLC and PHOENIXUS AG**

By: _/s/ Stacey Anne Mahoney_____

Stacey Anne Mahoney
MORGAN LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178
Telephone: (212) 309-6930
Facsimile: (212) 309-6001
stacey.mahoney@morganlewis.com

_Counsel for Defendants Vyera_
_Pharmaceuticals, LLC and Phoenixus AG_

**EXHIBIT A**
**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

I, _____, am employed by:

_____.

I acknowledge and certify as follows:

1.      I have read the Protective Order in *BCBSM, Inc. d/b/a Blue Cross and Blue Shield of Minnesota v. Vyera Pharmaceuticals, LLC et al.,* No. 21-cv-1884-DLC, United States District Court for the Southern District of New York, and agree to be bound by its terms.

2.      I will not make copies or notes of Confidential Material or Highly Confidential Material that I receive in this Litigation except as necessary to enable me to render assistance in connection with this Litigation.

3.      I will not disclose Confidential Material or Highly Confidential Material that I receive in this Litigation to any person not expressly entitled to receive it under the terms of the Protective Order, and will retain any Confidential Material or Highly Confidential Material that I receive in this Litigation in a safe place.

4.      I will not use Confidential Material or Highly Confidential Material that I receive in this Litigation for any purpose other than that authorized by the Protective Order.

5.      I will retain all Confidential Material or Highly Confidential Material that I receive in this Litigation in my custody until I have completed my assigned duties, whereupon they will be destroyed, as provided by the Protective Order. Such destruction shall not relieve me from any of the continuing obligations imposed upon me by the Protective Order.

6.      I understand that my failure to abide by the terms of the Protective Order entered in the above-captioned action will subject me, without limitation, to civil and criminal penalties for contempt of Court.

7.    I agree to be subject to the continuing jurisdiction of this Court for the sole purpose of having the terms of the Protective Order enforced.


Date: _____          Signature: _____

                                   Address: _____