UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BCBSM, INC., d/b/a BLUE CROSS and BLUE SHIELD OF MINNESOTA, on behalf of itself and those similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>VYERA PHARMACEUTICALS, LLC, PHOENIXUS AG, MARTIN SHKRELI, and KEVIN MULLEADY,<br><br>    Defendants. | Case No. 1:21-cv-1884-DLC |

**[PROPOSED] ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; CERTIFICATION OF SETTLEMENT CLASS; APPROVAL OF NOTICE PLAN; APPROVAL OF PLAN OF ALLOCATION; AND ENTRY OF SETTLEMENT APPROVAL SCHEDULE AND RELATED PROCEDURES**

Upon review and consideration of Plaintiff BCBSM, Inc.'s ("Plaintiff") Unopposed Motion for Preliminary Approval of Class Action Settlement; Certification of Settlement Class; Approval of Notice Plan; Approval of Plan of Allocation; and Entry of Settlement Approval Schedule and Related Procedures, the supporting Memorandum of Law, and all Declarations and exhibits submitted therewith, IT IS HEREBY ORDERED that the Motion is GRANTED as follows:

**Jurisdiction**

1.    This Order incorporates by reference the definitions included in the January 28, 2022 Settlement Agreement ("Settlement Agreement") between Plaintiff and Defendants Vyera Pharmaceuticals, LLC, Phoenixus AG, Martin Shkreli, and Kevin Mulleady ("Defendants"). The terms used and not otherwise defined herein shall have the meanings set forth in the Settlement Agreement.

1

2. This Court has jurisdiction over this Action and over Plaintiff and Defendants.

## Certification of the Proposed Settlement Class

3. The Court makes the following determinations as required by Federal Rule of Civil Procedure 23 ("Rule 23") solely in connection with the proposed Settlement.

4. Pursuant to Rule 23(c)(1)(B), the proposed Settlement Class is defined as follows:

> All entities that, for consumption by their members, employees, insureds, participants, or beneficiaries, and not for resale, indirectly purchased, paid and/or provided reimbursement for some or all of the purchase price of Daraprim from August 7, 2015 through January 28, 2022.
>
> Excluded from the Settlement Class are the following:
>
> (a) Natural person consumers;
>
> (b) Defendants and their employees, affiliates, parents, and subsidiaries, whether or not named in the Complaint;
>
> (c) All federal and state governmental entities except for cities, towns, municipalities, or counties with self-funded prescription drug plans;
>
> (d) Fully insured health plans (i.e., health plans that purchased insurance covering 100% of their reimbursement obligation to members); and
>
> (e) Judges assigned to this case and any members of their immediate families.

5. Pursuant to Rule 23(a)(1), the Court determines that the Settlement Class is so numerous that joinder of all members is impracticable. The Settlement Class consists of at least hundreds of entities geographically dispersed throughout the United States that indirectly purchased Daraprim. This is sufficient to satisfy Rule 23(a)(1)'s impracticability of joinder requirement.

6. Pursuant to Rule 23(a)(2) and Rule 23(c)(1)(B), the Court determines that the following issues relating to the claims and/or defenses in this case present common, class-wide questions of law or fact:

   a. Whether the conduct challenged in the Complaint constitutes an unreasonable

      restraint of trade in violation of Section 1 of the Sherman Act, 15 U.S.C. §1;

    b. Whether the conduct challenged in the Complaint constitutes unlawful monopolization in violation of Section 2 of the Sherman Act, 15 U.S.C. §2;

    c. Whether the conduct challenged in the Complaint violates state antitrust and consumer protection laws;

    d. Whether the conduct challenged in the Complaint substantially affected interstate commerce; and

    e. Whether the conduct challenged in the Complaint caused antitrust injury to Settlement Class Members.

7. The Court appoints Plaintiff as representative of the Settlement Class for the following reasons:

    a. Plaintiff alleges the same manner of injury to itself, and from the same course of conduct, as the claims it asserts on behalf of the Settlement Class. Plaintiff's claims are therefore typical of the claims of the Settlement Class within the meaning of Rule 23(a)(3); and

    b. Pursuant to Rule 23(a)(4), Plaintiff has and will continue to fairly and adequately protect the interests of the Settlement Class. Plaintiff's interests do not conflict with the interests of Settlement Class Members. All Settlement Class Members share a common interest in proving Defendants' alleged anticompetitive conduct and recovering the overcharges alleged in the Complaint. Moreover, any member of the Settlement Class that wishes to opt out will be given an opportunity to do so. Plaintiff's counsel at Robins Kaplan LLP are qualified to represent the Settlement Class given their experience in

prior cases and their prosecution of this case thus far.

8. Pursuant to Rule 23(b)(3), the Court determines that, in connection with and solely for purposes of the Settlement, common questions of law and fact predominate over questions affecting only individual members. The issues in this action that are subject to generalized proof, and thus applicable to the Settlement Class as a whole, predominate over those issues that are subject only to individualized proof. *See Sykes v. Mel S. Harris & Assocs. LLC*, 780 F.3d 70, 81–82 (2d Cir. 2015).

9. Also pursuant to Rule 23(b)(3), the Court determines that, in connection with and solely for purposes of the Settlement, a class action is superior to other available methods for the fair and efficient adjudication of this action. The Court also finds that it is desirable, for purposes of judicial and litigation efficiency, to concentrate the claims of the Settlement Class in a single action. Managing this case as class action will present minimal difficulties, particularly in light of the Settlement.

10. Pursuant to Rule 23(c)(l)(B) and Rule 23(g), and after considering the factors set forth in Rule 23(g)(1)(A), the Court appoints Kellie Lerner and Benjamin Steinberg from Robins Kaplan LLP as counsel for the Settlement Class ("Settlement Class Counsel").

**Preliminary Approval of the Proposed Settlement**

11. A court may approve a class action settlement if it is "fair, adequate, and reasonable, and not a product of collusion." *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 116 (2d Cir. 2005) (internal quotation marks omitted). In evaluating a proposed settlement for preliminary approval, the Court is required to determine only whether it is "the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class and falls within the reasonable range of

approval." *In re NASDAQ Mkt.-Makers Antitrust Litig.*, 176 F.R.D. 99, 102 (S.D.N.Y. 1997). A "presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arm's-length negotiations between experienced, capable counsel after meaningful discovery." *Wal-Mart*, 396 F.3d at 116 (quoting Manual for Complex Litigation, Third, § 30.42 (1995)). The proposed settlement satisfies this standard.

12. The Court finds that the proposed Settlement falls within the range of approvable settlements and merits preliminary approval. The Settlement provides for cash payments of up to $28 million into the Class Settlement Fund (including a $7 million up-front payment and up to $21 million in potential contingent payments) and injunctive relief, in exchange for, *inter alia*, dismissal of this litigation with prejudice and certain releases. The Settlement was the result of arm's-length negotiations between experienced counsel, which were overseen by the Court after extensive discovery. The Settlement is therefore preliminarily approved, subject to further consideration by the Court.

## Approval of the Notice Plan

13. Pursuant to Rule 23(e), Plaintiff's proposed forms and methods of providing notice to the Settlement Class (the "Notice Plan") satisfy the requirements of Rule 23(e) and due process, and are otherwise fair and reasonable. The Notice Plan is therefore approved.

14. Notice substantially in the form of the proposed Long-Form Notice attached to the January 28, 2022 Declaration of Eric J. Miller ("Miller Declaration") shall be posted on a case-specific website within 14 days after entry of this Order.

15. Notice substantially in the form of the proposed Short-Form Notice attached to the Miller Declaration shall be sent via first-class mail, and if possible, by email, to the entities in A.B. Data, Ltd.'s ("A.B. Data") relevant third-party payer database within 21 days after entry of this

Order.

16.     The proposed publication notice via digital banner ads and a press release shall be completed within 45 days after entry of this Order. Once completed, Plaintiff shall file a declaration from the Claims Administrator that notice has been distributed in accordance with the Notice Plan.

17.     Members of the Settlement Class may request exclusion from the Settlement Class no later than _____, 2022 (66 days after entry of this Order). Settlement Class Counsel or the Claims Administrator shall monitor and record any and all opt-out requests that are received.

18.     The Court appoints A.B. Data to serve as the Notice Provider and Claims Administrator. All expenses incurred by A.B. Data as part of its duties as Notice Provider and Claims Administrator must be reasonable. As agreed to in the Settlement Agreement, Settlement Class Counsel may pay from the Class Settlement Fund the actual costs of notice, settlement administration, and taxes without further order of the Court.

19.     The Court appoints Huntington National Bank to serve as Escrow Agent for the purposes of administering the escrow account holding the Class Settlement Fund. The Escrow Agent shall remain under the jurisdiction of the Court until its services are completed and the funds in the Class Settlement Fund are distributed.

## The Plan of Allocation

20.     The Court also approves Plaintiff's proposed plan of allocating proceeds from the Class Settlement Fund to the Settlement Class (the "Plan of Allocation"), as set forth in Appendix A to Exhibit C to the Miller Declaration. The Plan of Allocation is fair, reasonable and adequate.

21.     Under the Plan of Allocation, the net Class Settlement Fund shall be distributed to eligible Settlement Class Members who indirectly purchased paid, and/or provided reimbursement

for Daraprim in the Indirect Purchaser States during the Settlement Class Period, and who submit a timely and valid Claim Form. The net Class Settlement Fund shall be distributed on a *pro rata* basis to eligible claimants based on the amount they paid for Daraprim in the Indirect Purchaser States during the Settlement Class Period, in proportion to the total amount that all eligible claimants paid for Daraprim in the Indirect Purchaser States during the Settlement Class Period.

### The Settlement Approval Schedule

22. All briefs and materials in support of the final approval of the Settlement shall be filed with the Court by _____, 2022 (80 days after the entry of this Order).

23. All briefs and materials in support of any initial application for an award of attorneys' fees, reimbursement of expenses, and service award(s), shall also be filed with the Court by _____, 2022 (80 days after the entry of this Order).

24. Any objections to the Settlement, and any oppositions to Plaintiff's motion(s) for final approval of the Settlement, attorneys' fees, expenses, or service awards, shall be filed with the Court by _____, 2022 (101 days after entry of this Order). To be valid, objections to the Settlement must be filed in accordance with the objection procedures set forth below.

25. Settlement Class Members must submit claims forms to the Claims Administrator by _____, 2022 (110 days after entry of this Order).

26. Plaintiff shall file any responses to objections to the Settlement, and any reply(ies) in support of its motion(s) for final approval of the Settlement, attorneys' fees, expenses, or service awards, by _____, 2022 (115 days after entry of this Order).

27. A hearing on final approval (the "Fairness Hearing") shall be held before this Court at _____ on _____, 2022, either in person at the United States District Court for

the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007, or by telephone or videoconference.

28.     At the Fairness Hearing, the Court will consider, *inter alia*: (a) the fairness, reasonableness and adequacy of the Settlement and whether the Settlement should be finally approved; (b) whether the Court should approve awards of attorneys' fees and reimbursement of expenses to Settlement Class Counsel; (c) whether a service award should be awarded to the Plaintiff; and (d) whether entry of a Final Order and Judgment terminating the litigation between Plaintiff and Defendants should be entered. The Fairness Hearing may be rescheduled or continued; in this event, the Court will furnish all counsel with appropriate notice. Settlement Class Counsel shall be responsible for communicating any such notice promptly to the Class by posting a notice on the case-specific website established by the Claims Administrator.

29.     Settlement Class Members who wish to (a) object with respect to the proposed Settlement; and/or (b) wish to appear in person at the Fairness Hearing, must first send an Objection via first class mail, postage prepaid, to the Clerk of the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007, with copies to the following counsel:

> *Counsel for the Settlement Class*
>
> Kellie Lerner
> Benjamin Steinberg
> Robins Kaplan LLP
> 900 3rd Avenue, Suite 1900
> New York, NY 10022
>
> *Counsel for Defendants Vyera Pharmaceuticals, LLC and Phoenixus AG*
>
> Steven A. Reed
> Morgan Lewis & Bockius, LLP
> 1701 Market St.
> Philadelphia, PA 19103

*Counsel for Defendant Martin Shkreli*

Christopher H. Casey
Duane Morris LLP
30 S. 17th Street
Philadelphia, PA 19103

*Counsel for Defendant Kevin Mulleady*

Kenneth R. David
Kasowitz, Benson, Torres LLP
1633 Broadway
New York, NY 10019

To be valid, any such Objection must be received by the Clerk of Court by _____, 2022, (101 days after entry of this Order), and must contain the following information:

a. The case name and number, *BCBSM, Inc. v. Vyera Pharmacueticals, et. al.,* No. 21-cv-1884-DLC;

b. The name, address, and telephone number of the entity objecting, and if represented by counsel, the name, address, and telephone number of such counsel, and a signature by the objector or an authorized representative;

c. The objection, including any supporting papers, which must state with specificity the grounds for the objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention and whether the objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class;

d. The objection must provide supporting documentation establishing that the objector is a member of the Settlement Class; and

9

  e. The names and addresses of any witnesses to be presented at the Settlement Hearing, together with a statement as to the matters on which they wish to testify and a summary of the proposed testimony.

  30. All entities who fail to file an Objection shall be deemed to have waived any such objections by appeal, collateral attack, or otherwise and will not be heard at the Fairness Hearing.

  So ordered.

DATED: _____, 2022

                 _____
                 Denise L. Cote
                 United States District Judge