# EXHIBIT C

United States District Court for the Southern District of New York

**If you are a Third-Party Payor and made payments or reimbursements for some or all of the purchase price of Daraprim from August 7, 2015, through January 28, 2022, you may be eligible for a payment from a class action settlement.**

*This Notice is being provided by Order of the U.S. District Court for the Southern District of New York. It is not a solicitation from a lawyer. You are not being sued.*

- A proposed settlement ("Settlement") has been reached in a class action lawsuit brought on behalf of Third-Party Payors ("TPPs") who indirectly purchased or provided reimbursements for Daraprim from August 7, 2015, through January 28, 2022 (the "Settlement Class Period").

- The lawsuit, *BCBSM, Inc. v. Vyera Pharmaceuticals, et al.,* No. 21-cv-1884-DLC (the "Action") is pending in the United States District Court for the Southern District of New York (the "Court").

- The lawsuit claims that Defendants Vyera Pharmaceuticals, LLC and Phoenixus AG, Martin Shkreli, and Kevin Mulleady engaged in a scheme to thwart generic competition for Daraprim in violation of Sections 1 and 2 of the Sherman Act and various state antitrust, unjust enrichment, and consumer protection laws.

- The Settlement provides a minimum cash payment to the Settlement Class of $7 million ("Class Guaranteed Payment") and additional potential cash payments totaling up to $21 million (the "Class Contingent Payments") for a total potential settlement amount of up to $28 million (the "Class Settlement Amount").

- The Net Settlement Funds (*i.e.*, the Class Settlement Amount less: (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses and service awards for Plaintiff awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) any other costs or fees approved by the Court) will be distributed to eligible claimants in accordance with a plan of allocation to be approved by the Court.[1]

**A Summary of Your Rights and Options:**
**Your Legal Rights Are Affected Even If You Do Not Act. Read This Notice Carefully.**

| You May: | Brief Explanation: | Due Date: |
|---|---|---|
| **File a Claim** | **Submit a Claim Form** <br> This is the only way you will receive any payment from the Settlement.  *See* **Question 7.** | **Postmarked (if mailed) or filed online by _____, 2022** |
| **Exclude Yourself** | **Get out of the Settlement** <br> You may exclude yourself from the Settlement Class and keep your right to sue at your own expense.  If you exclude yourself, you will not receive any payment from the Settlement.  *See* **Question 12.** | **Received by _____, 2022** |
| **Object to the Settlement** | **Object or comment on the Settlement** <br> If you do not exclude yourself, you may object to or comment on the Settlement, the proposed Plan of Allocation, and/or the request for attorneys' fees and litigation expenses.  *See* **Question 14.** | **Received by _____, 2022** |

---

[1] All capitalized terms not defined in this Notice shall have the meanings set forth in the Settlement Agreement dated January 28, 2022, 2022 (the "Settlement Agreement"), which is available at www.xxxxxxxxxxxxx.com.

Questions?  Visit www.xxxxxxxxxxxxxxxx.com or call 1-xxx-xxx-xxxx. Page 1 of 10

| | | |
|---|---|---|
| **Do Nothing** | You are automatically part of the class action if you fit the definition of the Settlement Class below.  However, if you do not file a claim by _____, 2022, you will not receive any payment from the Settlement.  *See* **Question 9**. | **N/A** |

**THESE RIGHTS AND OPTIONS
— AND THE DEADLINES TO EXERCISE THEM —
ARE EXPLAINED IN THIS NOTICE.**

**1.     Why did I receive this Notice?  What is this Notice about?**

You received this Notice because you requested it or because records indicate that you are a Third-Party Payor who may have paid or incurred costs for Daraprim from August 7, 2015, through January 28, 2022. You may be entitled to money as part of the proposed Settlement to resolve this Action.  You are not being sued.

This Notice explains:

- What the Action and the Settlement are about.
- Who is affected by the Settlement.
- Who represents you and the Settlement Class in the Action.
- What your legal rights and choices are.
- How and by when you need to act.

**2.     Who are the Defendants?**

The Defendants (the companies and individuals that the lawsuit is being brought against) are Vyera Pharmaceuticals, LLC and Phoenixus AG (together, "Corporate Defendants"), Martin Shkreli ("Shkreli"), and Kevin Mulleady ("Mulleady," and collectively with the Corporate Defendants and Shkreli, "Defendants").

**3.     What is the Action about?**

The Action alleges that Defendants engaged in a scheme to thwart generic competition for Daraprim in violation of Sections 1 and 2 of the Sherman Act and various state antitrust, unjust enrichment, and consumer protection laws, as set forth in the Amended Consolidated Class Action Complaint (the "Complaint"), which can be found at www.xxxxxxxxxxxx.com.

Defendants deny any wrongdoing and liability.  They agreed to the Settlement to resolve the controversy and to avoid the burden and expense of further litigation.

**4.     Who is a member of the Settlement Class? Who is eligible under the Settlement?**

The Settlement Class includes:

All entities that, for consumption by their members, employees, insureds, participants, or beneficiaries, and not for resale, indirectly purchased, paid, and/or provided reimbursement for some or all of the purchase price of Daraprim during the Settlement Class Period (August 7, 2015, through January 28. 2022.  Excluded from the Settlement Class are the following:

(a)  Natural person consumers;
(b)  Defendants and their employees, affiliates, parents, and subsidiaries, whether or not named in the Complaint;
(c)  All federal and state governmental entities except for cities, towns, municipalities, or counties with self-funded prescription drug plans;

(d) Fully insured health plans (*i.e.*, health plans that purchased insurance covering 100% of their reimbursement obligation to members); and
(e) Judges assigned to this case and any members of their immediate families.

The types of third-party payor entities that might fall within the Settlement Class include health insurance companies; union health and welfare benefit plans; self-insured employers; and entities with self-funded plans that contract with a health insurance company or other entity to serve as a third-party claims administrator to administer their prescription drug benefits.

5.     **What does the proposed Settlement provide?**

The Settlement provides for the payment of up to $28 million into the Class Settlement Fund, including an up-front $7 million Class Guaranteed Payment, and up to $21 million in Class Contingent Payments over time. The amount of the Class Contingent Payments will be based on certain revenues earned by the Corporate Defendants in the future.

As part of the Class Contingent Payments, the Corporate Defendants will pay into the Class Settlement Fund 14% of the net proceeds they earn from monetizing a Corporate Asset other than a Priority Review Voucher, and 14% of the net proceeds they earn from monetizing a Ketamine asset, based on any transactions executed over the next five years, up to a total of $10.5 million. The Corporate Defendants will also pay the Settlement Class 14% of the net proceeds they earn from any transaction monetizing a Priority Review Voucher executed over the next 10 years, with total Class Contingent Payments to the Settlement Class capped at $21 million.

The compensation provided for under the Settlement comes from a Global Settlement Fund that was established pursuant to a related government lawsuit against the Defendants. The Settlement requires that 70% of all funds paid to the Global Settlement Fund be transferred to the Class Settlement Fund. The costs of taxes, notice, claims administration, service awards, attorneys' fees, and class litigation costs will be deducted from the Class Settlement Fund before distribution to Settlement Class Members.

The Settlement requires Settlement Class Members to release most claims against Defendants that stem from indirect purchases of Daraprim and that are related to the subject matter of this lawsuit. This means that if you remain in the Settlement Class you will not be able to sue the Defendants in a similar lawsuit relating to indirect purchases of Daraprim, with certain exceptions. The full release language is found in the Settlement Agreement available at www.xxxxxxxxxxxxxx.com.

Interim Lead Counsel conducted a thorough investigation of the law and facts in the Action. The Settlement is a result of arm's-length negotiations among the parties, which were overseen by a Court-appointed mediator. Lead Counsel compared the benefits of the Settlement to the risks of ongoing litigation and concluded that the Settlement is fair, reasonable, adequate, and in the best interests of the Settlement Class.

Complete details of the Settlement are found in the Settlement Agreement available at www.xxxxxxxxxxxxxx.com.

6.     **How do I know if I am included in the Settlement being proposed?**

You are automatically included in the Settlement if you meet the definition of the Settlement Class above.

If you do not want to be included, you must exclude yourself.  Details on how to exclude yourself are found in the answer to Question 12.

7.     **What do I need to do to get a payment?**

To receive payment from the Settlement, you must submit a valid Claim Form either online at www.xxxxxxxxxxxxxx.com **by _____, 2022,** or by mail, postmarked by _____**, 2022,** to the Claims Administrator at the following address:

Questions?  Visit www.xxxxxxxxxxxxxxxx.com or call 1-xxx-xxx-xxxx.                                      Page 3 of 10

**Daraprim TPP Settlement**
**c/o A.B. Data, Ltd.**
**P.O. Box XXXXX**
**Milwaukee, WI 53217**

A Claim Form is included with this Notice. ***The Claim Form provides complete instructions for submitting a valid claim***.

**8.      How are payments determined?**

At this time, it is not possible to make any determination as to how much any individual Settlement Class Member may receive from the Settlement. Under the Settlement, Defendants shall pay or cause to be paid up to a total of $28,000,000 in cash to the Class Settlement Fund. The Net Settlement Fund, after deduction of attorneys' fees, litigation expenses, service awards, taxes, administrative costs, as awarded or allowed by the Court, will be distributed in accordance with a plan of allocation to be approved by the Court.

Under Plaintiff's' proposed Plan of Allocation, the Net Settlement Fund will be distributed to Settlement Class Members who indirectly purchased, paid, and/or provided reimbursement for Daraprim in any of the following 36 states and territories during the Settlement Class Period: Arizona, Arkansas, California, District of Columbia, Florida, Hawaii, Idaho, Illinois, Iowa, Kansas, Maine, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Oregon, Pennsylvania, Puerto Rico, Rhode Island, South Carolina, South Dakota, Tennessee, Utah, Vermont, Virginia, West Virginia, and Wisconsin ("Eligible States"). The Net Settlement will be distributed on a *pro rata* basis to eligible claimants based on the amount they paid for Daraprim in the Eligible States during the Settlement Class Period, in proportion to the total amount that all eligible claimants paid for Daraprim in the Eligible States during the Settlement Class Period.

The Plan of Allocation is set forth in Appendix A at the end of this Notice.

**9.      What happens if I do nothing?**

If you are a member of the Settlement Class and you do nothing, you will be bound by the Settlement. However, to receive any money from the Settlement you must submit a valid Claim Form filed or postmarked (if mailed) by _____, 2022, to the Claims Administrator. For details on how to exclude yourself ("opt out") from the Settlement Class, *see* Question 12.

**10.     If I remain in the Settlement Class, what claims am I settling?**

If the Court approves the Settlement, the Action will be dismissed and you and all members of the Settlement Class may not sue the Defendants for the same claims based on indirect purchases of Daraprim (*i.e.*, purchases not made directly from a Defendant). The full texts of the releases are set forth in the Settlement Agreement, which is available at www.xxxxxxxxxxxxxx.com.

**11.     What if I don't want to be in the Settlement Class?**

If you decide to exclude yourself from the Settlement Class, you will be free to sue Defendants on your own for their conduct alleged in this Action. However, you will not receive any money from the Settlement, and you will no longer be represented by Interim Lead Counsel. If you want to receive money from the Settlement, do not exclude yourself.

**12.     How do I exclude myself from the Settlement Class?**

You can exclude yourself from the Settlement Class by sending a written "Request for Exclusion" to the Claims Administrator so that it is ***received*** **by** _____, **2022**. Your written request must:

- state the name, address, and telephone number of the entity requesting exclusion, and the name and telephone number of the appropriate contact person;
- state that such entity "requests exclusion from the Settlement Class in *BCBSM, Inc. v. Vyera Pharmaceuticals, et al.,* No. 21-cv-1884-DLC (S.D.N.Y.)";
- be signed by the person or entity requesting exclusion or an authorized representative.

Requests for Exclusion must be sent to the following address:

**Daraprim TPP Settlement**
**ATTN: EXCLUSIONS**
**c/o A.B. Data, Ltd.**
**P.O. Box 173001**
**Milwaukee, WI 53217**

Defendants have the right to terminate the Settlement if valid Requests for Exclusion are received from entities entitled to be members of the Settlement Class in a number that exceeds an amount agreed to by Plaintiff and certain Defendants.

**13.     May I object to the Settlement?**

Yes. If you are a member of the Settlement Class and you have not requested exclusion from the Settlement Class, you may object to any aspect of the Settlement, including its fairness, reasonableness, or adequacy, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and expenses.

**14.     How do I object to the Settlement?**

To object to the Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and expenses, you (or your lawyer if you have one) must file an objection with the Clerk of the Court, United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl St., New York, New York 10007-1312. This must be *received* **by _____, 2022**. Your objection must contain the following information:

- The case name and number, *BCBSM, Inc. v. Vyera Pharmaceuticals, et al.,* No. 21-cv-1884-DLC;
- The name, address, and telephone number of the entity objecting, and if represented by counsel, the name, address, and telephone number of such counsel, and a signature by the objector or an authorized representative;
- The objection, including any supporting papers, which must state with specificity the grounds for the objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention and whether the objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class;
- The objection must provide supporting documentation establishing that the objector is a member of the Settlement Class; and
- The names and addresses of any witnesses to be presented at the Settlement Hearing, together with a statement as to the matters on which they wish to testify and a summary of the proposed testimony.

The objection and any documentation that you file with the Court must also be mailed or delivered so that it is *received* **on or before _____, 2022,** by the following:

| **Lead Counsel**<br>Kellie Lerner<br>Benjamin Steinberg<br>ROBINS KAPLAN LLP<br>900 3rd Ave, Suite #1900<br>New York, NY 10022 | **Counsel for Defendants Vyera Pharmaceuticals, LLC and Phoenixus AG**<br>Steven A. Reed<br>MORGAN LEWIS & BOCKIUS LLP<br>1701 Market St.<br>Philadelphia, PA 19103 |
|---|---|
| **Counsel for Defendant Kevin Mulleady**<br>Kenneth R. David<br>KASOWITZ BENSON TORRES LLP<br>1633 Broadway<br>New York, NY 10019 | **Counsel for Defendant Martin Shkreli**<br>Christopher H. Casey<br>DUANE MORRIS LLP<br>30 South 17th Street<br>Philadelphia, PA 19103 |

Objections filed with the Court *after* _____, **2022,** will *not* be considered.

Any lawyer representing a Settlement Class Member for the purpose of making objections must also file a Notice of Appearance with the Clerk of the Court no later than _____, **2022,** and must also serve copies by mail to the counsel listed above.

### 15. What is the difference between objecting to the Settlement and excluding myself from the Settlement Class?

To object to the Settlement, you must remain a member of the Settlement Class. An objection allows your views on the Settlement to be heard in Court. You will be bound by the terms and conditions of the Settlement if approved, even if the Court rules against your objection.

When you exclude yourself, or opt out, you are no longer a member of the Settlement Class. You will not be subject to the terms and conditions of the Settlement, and you keep your right to sue the Defendants for the same claims in another lawsuit. However, you lose the right to object to the Settlement and you will not be eligible to receive any payment from the Settlement.

### 16. Do I have a lawyer representing my interests in this Action?

Yes. The Court has appointed lawyers to represent you and other Settlement Class Members. These lawyers are called Interim Lead Counsel. You will not be charged individually for these lawyers. They will ask the Court to approve an award of fees and expenses to be paid from the Class Settlement Fund. The following lawyers represent the Settlement Class:

Kellie Lerner
Benjamin Steinberg
ROBINS KAPLAN LLP
900 3rd Ave, Suite #1900
New York, NY 10022
Telephone: (212) 980-7400
Facsimile: (212) 980-7499
klerner@robinskaplan.com
bsteinberg@robinskaplan.com

### 17. How will the lawyers be compensated?

Interim Lead Counsel will request an award from the Court for attorneys' fees in an amount not to exceed 30% of the funds received in the Class Settlement Fund. Interim Lead Counsel may also apply for a service award for the Plaintiff, and for payment of litigation expenses, including for reimbursement of their costs and expenses

related to their representation of the Settlement Class. All awards for attorneys' fees, litigation expenses, and service awards shall be paid from the Class Settlement Fund if approved by the Court. Individual Settlement Class Members are not responsible for these costs. Because the Class Contingent Payments can be paid into the Class Settlement Fund over time, Interim Lead Counsel may seek multiple awards of attorney's fees, costs, or expenses over time to account for Class Contingent Payments received in the future.

**18.    Should I get my own lawyer?**

You do not need to hire your own attorney, but if you hire an attorney to speak for you or appear in Court, your lawyer must file a Notice of Appearance (*see* Question 14 above).  If you hire your own lawyer, you will have to pay for that lawyer on your own.

**19.    When and where will the Court decide whether to grant final approval of the Settlement?**

The Court will hold a hearing to consider the final approval of the Settlement, called a "Settlement Hearing" or "Fairness Hearing" on _____, 2022, at **xx:xx x.m. Eastern Time**, either in person at Courtroom 18B of the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl St., New York, New York 10007-1312, or by telephone or videoconference (in the discretion of the Court).  The Court may reschedule the Settlement Hearing without further notice to the Settlement Class.

The purpose of the Settlement Hearing is to:

- Decide if the Settlement is fair, reasonable, and adequate, and should be approved;

- Consider Interim Lead Counsel's motion for attorneys' fees and litigation expenses, including any requests for service awards for the Plaintiff who represented the Settlement Class;

- Consider all comments or objections on the Settlement; and

- Consider any other issues the Court thinks it is necessary to consider.

**20.    Do I have to attend the Settlement Hearing?**

No.  Attendance is not required, even if you mailed a written objection. Interim Lead Counsel are prepared to answer questions on your behalf.  Settlement Class Members who filed and served a written objection, however, may attend the Settlement Hearing, in person or through an attorney hired at their own expense.

**21.    Can I speak at the Settlement Hearing?**

Yes, anyone can attend the Settlement Hearing and watch.  If you want to appear at the Settlement Hearing and object, in person or through an attorney hired at your own expense, you need to file and serve a written objection with the Court no later than _____, **2022**. *See* Question 14.

**22.    Where do I get more information?**

This Notice contains a summary of relevant Court papers.  Complete copies of public pleadings, Court rulings, and other filings are available for review and copying at the Clerk's office.  The address is United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl St., New York, New York 10007-1312.  You can also review relevant documents on the website specifically created to provide information about the Settlement, at www.xxxxxxxxxxxxxxx.com.

Additional information about the Action is available by:
- Visiting the Settlement website at www.xxxxxxxxxxxxxxx.com

- Calling the Claims Administrator, toll-free: 1-xxx-xxx-xxxx
- Writing to:

    **Daraprim TPP Settlement**
    **c/o A.B. Data, Ltd.**
    **P.O. Box XXXXXX**
    **Milwaukee, WI 53217**

- Emailing: info@xxxxxxxxxxxxxxx.com

*Please do not contact the Defendants or the Court.*

# APPENDIX A
# PROPOSED PLAN OF ALLOCATION

1. This Plan of Allocation will govern distributions from the net proceeds of the Class Settlement Fund created by the January 28, 2022, Settlement Agreement with Defendants (the "Net Settlement Fund").

2. The objective of the Plan of Allocation is to equitably distribute the Net Settlement Funds to those Settlement Class Members who suffered economic losses as a result of the alleged violations of law asserted in the Complaint. The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Settlement Class Members might have been able to recover after a trial. Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement. The computations under the Plan of Allocation are only a method to weigh the claims against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

3. To receive a distribution under this Plan of Allocation, an entity must be a member of the Settlement Class and must submit a timely and valid Claim Form. Claimants who requested exclusion from the Settlement Class shall not receive any distributions pursuant to this Plan of Allocation.

4. The timeliness and validity of all Claims submitted by Settlement Class Members shall be determined by the Claims Administrator, subject to review by Interim Lead Counsel and approval by the Court. All determinations under this Plan of Allocation shall be made by the Claims Administrator, subject to review by Lead Counsel and approval by the Court.

5. **Recognized Claim:** A Claimant's "Recognized Claim" shall be calculated as the total dollars spent by the Settlement Class Member to indirectly purchase or provide reimbursement for some or all of the purchase price of Daraprim in an Indirect Purchaser State during the Settlement Class Period. The Indirect Purchaser States are Arizona, Arkansas, California, District of Columbia, Florida, Hawaii, Idaho, Illinois, Iowa, Kansas, Maine, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Oregon, Pennsylvania, Puerto Rico, Rhode Island, South Carolina, South Dakota, Tennessee, Utah, Vermont, Virginia, West Virginia, and Wisconsin.

6. **Documentation Requirement:** All Claim Forms claiming a Recognized Claim of $100,000 or more require Claim Documentation, as defined below. In addition, Claim Forms below that threshold may be determined to require Claim Documentation by the Claims Administrator where the Claims Administrator disputes a material fact concerning the Claim Form. Absent acceptable Claim Documentation, the Claims Administrator may, in consultation with Lead Counsel, deny all or part of a claim, or may cap payment of a claim at 80% of the amount claimed.

7. **"Claim Documentation"** means itemized receipts, cancelled checks, invoices, statements, or other business or transaction records documenting payment for purchases or reimbursement paid for Daraprim in an Indirect Purchaser State during the Settlement Class Period.

8. **Determination of Distribution Amount:** The Net Settlement Fund will be distributed to Authorized Claimants on a *pro rata* basis based on the relative size of their Recognized Claims. Specifically, a "Distribution Amount" will be calculated for each Authorized Claimant, which shall be the Authorized Claimant's Recognized Claim divided by the total Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.

9. If an Authorized Claimant's Distribution Amount calculates to less than $100.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

10. After the initial distribution of the Net Settlement Fund, the Claims Administrator will make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks. To the extent any

monies remain in the Net Settlement Fund after the initial distribution, if Interim Lead Counsel, in consultation with the Claims Administrator, determines that it is cost-effective to do so, the Claims Administrator, no less than seven (7) months after the initial distribution, will conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution. Additional re-distributions to Authorized Claimants who have cashed their prior checks and who would receive at least $10.00 on such additional re-distributions may occur thereafter if Interim Lead Counsel, in consultation with the Claims Administrator, determines that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective. At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance will be contributed to one or more non-sectarian, not-for-profit, 501(c)(3) organization(s) to be determined by Lead Counsel and approved by the Court.

11. Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, will be conclusive against all claimants. No person or entity shall have any claim against Plaintiff, Interim Lead Counsel, the Claims Administrator, or any other agent designated by Interim Lead Counsel, or Defendants' Releasees and/or their respective counsel, arising from distributions made substantially in accordance with the Stipulation, the Plan of Allocation approved by the Court, or any order of the Court. Plaintiff and Defendants, and their respective counsel, and all other Releasees shall have no liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund, the Plan of Allocation, or the determination, administration, calculation, or payment of any claim or nonperformance of the Claims Administrator, the payment or withholding of taxes (including interest and penalties) owed by the Settlement Fund, or any losses incurred in connection therewith.

12. The Plan of Allocation set forth herein is the plan that is being proposed by Plaintiff to the Court for its approval. The Court may approve this Plan as proposed or it may amend or modify the Plan of Allocation without further notice to the Settlement Class. Any orders regarding any amendment or modification of the Plan of Allocation will be posted on www.xxxxxxxxxx.com.