IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BCBSM, INC., d/b/a BLUE CROSS and BLUE SHIELD OF MINNESOTA, on behalf of itself and those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>VYERA PHARMACEUTICALS, LLC, PHOENIXUS AG, MARTIN SHKRELI, and KEVIN MULLEADY,<br><br>Defendants. | Case No. 1:21-cv-1884-DLC |

[~~PROPOSED~~] FINAL JUDGMENT AND ORDER OF DISMISSAL

This matter came before the Court at a hearing on June 17, 2022 (the "Fairness Hearing") upon Plaintiff BCBSM Inc.'s ("Plaintiff") Motion for Final Approval of Class Action Settlement. Having held the Fairness Hearing and considered all papers filed and proceedings related thereto,

**IT IS HEREBY ORDERED that the Motion is GRANTED as follows:**

1. This Final Judgment and Order of Dismissal incorporates by reference the definitions in the January 28, 2022 Settlement Agreement ("Settlement Agreement") entered into by Plaintiff and Defendants Vyera Pharmaceuticals, LLC, Phoenixus AG, Martin Shkreli, and Kevin Mulleady (collectively, "Defendants"). All capitalized terms used and not otherwise defined herein shall have the meanings set forth in the Settlement Agreement.

2. The Court has jurisdiction over this Action, including over the Settling Parties and the Settlement Class.

**A.     Background**

3. On February 10, 2022, the Court preliminarily approved the Settlement and certified the following Settlement Class:

> All entities that, for consumption by their members, employees, insureds, participants, or beneficiaries, and not for resale, indirectly purchased, paid and/or provided reimbursement for some or all of the purchase price of Daraprim from August 7, 2015 through January 28, 2022.

ECF No. 141 (the "Preliminary Approval Order").

4. The Court also appointed Plaintiff as representative of the Settlement Class, appointed Kellie Lerner and Benjamin Steinberg as Settlement Class Counsel, and appointed A.B. Data (the "Claims Administrator") as the Notice Provider and Claims Administrator. *Id.*

5. The Court further approved the proposed forms and methods of providing notice to the Settlement Class (the "Notice Plan") and the proposed plan of allocating settlement funds to the Settlement Class (the "Plan of Allocation"). *Id.*

**B. The Settlement Is Fair, Reasonable, and Adequate**

6. Pursuant to Rule 23(e)(2) of the Federal Rules of Civil Procedure, the Court hereby grants final approval to the Settlement. The Court finds that the settlement is fair, reasonable, and adequate, serves the best interests of Settlement Class Members, and complies with all applicable requirements of the Federal Rules of Civil Procedure. In reaching this conclusion, the Court considered the factors set forth in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974), *abrogated on other grounds by Goldberger v. Integrated Resources, Inc.*, 209 F.3d 43 (2d Cir. 2000). The Court concludes under Rule 23(e)(2) that:

a. Plaintiff and Settlement Class Counsel have adequately represented the Settlement Class;

b. The Settlement was negotiated at arm's length by experienced counsel with the assistance of Hon. Robert W. Lehrburger as mediator;

c. The injunctive relief and up to $28 million in cash compensation that the Settlement provides for the Settlement Class's benefit is adequate given:

   i. the significant costs, risks, and delay of continuing to litigate against Defendants;

   ii. the Plan of Allocation will effectively process claims and distribute settlement funds to the Settlement Class; and

   iii. the attorneys' fees awarded by the Court are reasonable; and

d. The *pro rata* distribution set forth in the Plan of Allocation treats Settlement Class Members equitably relative to each other.

**C. Certification of the Settlement Class**

7. For the same reasons set forth in the Preliminary Approval Order, the Court continues to find that, in connection with and solely for purposes of the Settlement, the Settlement

Case 1:21-cv-01884-DLC   Document 157-1   Filed 06/06/22   Page 4 of 6

Class satisfies the requirements of Rule 23(a) and (b)(3). The Settlement Class shall remain certified for purposes of the Settlement.

### D. Adequate Notice Was Provided to the Settlement Class

8. The Court finds that the executed Notice Plan satisfies the requirements of Rule 23(e)(1) and due process. The mailed notice, emailed notice, digital advertising notice, press release notice, and website notice were adequate under the circumstances and were reasonably calculated to apprise members of the Settlement Class of the pendency of this Action, the nature of the Settlement, the Fairness Hearing, and their rights related to each.

9. Five entities have validly requested to be excluded from the Settlement Class ("Opt-Outs").[1] The Opt-Outs are therefore excluded from the Settlement Class for all purposes, are not bound by this Final Judgment and Order of Dismissal, and may not make any claim to, or receive any benefit from, the Settlement.

10. No objections to the proposed Settlement have been submitted. Notwithstanding the absence of objections, the Court has independently reviewed and considered all relevant factors and has conducted an independent examination into the propriety of the Settlement.

11. Because the members of Settlement Class have received adequate notice of the Settlement and their rights thereto, it is hereby determined that all members of the Settlement Class, except the Opt-Outs, are bound by this Final Judgment and Order of Dismissal.

### E. Dismissal and Release

12. Pursuant to the terms and definitions used in the Settlement Agreement, this Action and all Released Claims are hereby dismissed with prejudice and released against the Releasees in their entirety. The Releasors shall be deemed to have released and forever discharged the Released

---

[1] The five Opt-Outs are: (1) Accusoft Corp.; (2) Koniag, Inc.; (3) Donegal Mutual Insurance Company; (4) Citation Oil & Gas Corp.; and (5) Klick USA, Inc.

Claims against the Releasees, and shall be forever enjoined from prosecuting the Released Claims against the Releasees. The Settling Parties are to bear their own costs, except as otherwise provided in the Settlement Agreement and the orders of this Court.

### F. Retention of Jurisdiction

13. Without affecting the finality of this Final Judgment and Order of Dismissal for purposes of appeal, the Court reserves exclusive jurisdiction over the Settlement, the Settlement Agreement, the related Collateral Assignment and Security Agreement dated February 28, 2022, and all other Settlement-related agreements, including the administration, consummation, and enforcement of each. The Court also retains exclusive jurisdiction to resolve any requests or disputes that arise out of or relate to the Settlement, including but not limited to any future requests for attorneys' fees or expenses and any disputes related to the Defendants' compliance with their ongoing settlement obligations.

14. At this juncture, the Court finds that the Settling Parties and their respective counsel have fully complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

### G. Settlement Administration

15. The Settling Parties shall consummate the Settlement according to the terms of the Settlement Agreement and the Plan of Allocation. If necessary, the Settling Parties may agree to reasonable extensions of time to carry out provisions of the Settlement Agreement without further order of the Court.

16. Once all timely settlement claims have been processed, the Claims Administrator shall distribute the money paid into the Class Settlement Fund to Settlement Class Members less deductions made for taxes, settlement administration expenses, attorneys' fees, litigation costs, incentive awards, and any other charges authorized by the Court ("Net Settlement Funds") in accordance with the Plan of Allocation.

17. To the extent the Corporate Defendants make additional contingent payments into the Class Settlement Fund after the first wave of settlement funds is distributed, additional Net Settlement Funds shall be distributed to the Settlement Class in accordance with the Plan of Allocation on a schedule intended to reduce administration costs and maximize the Settlement Class's recovery.

18. There is no just reason for delay in the entry of this Final Judgment and Order of Dismissal. The Clerk of the Court is respectfully directed to enter this Final Judgment and Order of Dismissal pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

**H.     No Admission of Liability**

19. Neither this Final Judgment and Order of Dismissal, nor the Settlement Agreement, shall be used or construed by any person as an admission or finding of liability by Defendants, or be deemed evidence of any violation of any statute or law, or admission or finding of any liability or wrongdoing by Defendants or of the truth of any of the claims or allegations asserted in this Action. Neither this Final Judgment and Order of Dismissal nor the Settlement Agreement shall be offered in evidence or used for any other purpose in this or any other matter or proceeding other than as may be necessary to consummate or enforce the Settlement Agreement or the terms of this Final Judgment and Order of Dismissal, or by Defendants in connection with any action asserting Released Claims.

SO ORDERED this __17__ day of __June__, 2022

_____
Hon. Denise L. Cote
United States District Judge