**IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BCBSM, INC., d/b/a BLUE CROSS and BLUE SHIELD OF MINNESOTA, on behalf of itself and those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>VYERA PHARMACEUTICALS, LLC, PHOENIXUS AG, MARTIN SHKRELI, and KEVIN MULLEADY,<br><br>Defendants. | Case No. 1:21-cv-1884-DLC |

**MEMORANDUM OF LAW IN SUPPORT OF SETTLEMENT CLASS COUNSEL'S MOTION FOR SUPPLEMENTAL ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

**TABLE OF CONTENTS**

INTRODUCTION ..... 2

FACTUAL AND PROCEDURAL HISTORY ..... 5

A. The Initial Award of Attorneys' Fees ..... 5

B. The Corporate Defendants' Bankruptcy Proceedings ..... 5

ARGUMENT ..... 7

I. The Supplemental Motion for Attorneys' Fees Is Contemplated in Both the Settlement Agreement and the Court's Fee, Expense, and Incentive Award Order ..... 8

II. The Supplemental Fee Request Is Reasonable under the *Goldberger* Factors ..... 8

A. Settlement Class Counsel Expended Substantial Time and Resources to Secure and Protect the Rights of the Settlement Class to Achieve the Maximum Recovery under the Settlement Agreement ..... 9

B. The Requested 10% Fee Is Reasonable ..... 10

III. A Lodestar Cross-Check Yields a Negative Multiplier of Less than 0.50, Which Confirms that Settlement Class Counsel's Fee Request Is Reasonable ..... 11

IV. Settlement Counsel's Request for Reimbursement of Expenses Is Reasonable ..... 13

CONCLUSION ..... 14

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Beckman v. KeyBank, N.A.*,
293 F.R.D. 467 (S.D.N.Y. 2013) ....................12

*Cassese v. Wash. Mut., Inc.*,
27 F. Supp. 3d 335 (E.D.N.Y. 2014) ....................10

*Fears v. Wilhelmina Model Agency, Inc.*,
02 CIV.4911, 2007 WL 1944343 (S.D.N.Y. July 5, 2007) ....................11

*Goldberger v. Integrated Res., Inc.*,
209 F.3d 43 (2d Cir. 2000)....................7, 8, 9

*Guevoura Fund Ltd. v. Sillerman*,
No. 1:15-CV-7192, 2019 WL 6889901 (S.D.N.Y. Dec. 18, 2019) ....................7, 10

*In re Colgate-Palmolive Co. ERISA Litig.*,
36 F. Supp. 3d 344 (S.D.N.Y. 2014)....................11

*In re Credit Default Swaps Antitrust Litig.*,
13-md-2476-DLC, 2016 WL 2731524 (S.D.N.Y. Apr. 26, 2016) ....................8

*In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*,
991 F. Supp. 2d 437 (E.D.N.Y. 2014) ....................4, 10

*In re Visa Check/MasterMoney Antitrust Litig.*,
96-CV-5238, 2009 U.S. Dist. LEXIS 124831 (E.D.N.Y. Aug. 12, 2009)....................11

*In re Vitamin C Antitrust Litig.*,
No. 06-MD-1738 (BMC)(JO), 2012 WL 5289514 (E.D.N.Y. Oct. 23, 2012) ....................13

*In re Vyera Pharms., LLC*,
23-10605-JKS (Bankr. D. Del.) ....................3, 5, 6

*Thornhill v. CVS Pharmacy, Inc.*,
No. 13 Civ. 5507(JMF), 2014 WL 1100135 (S.D.N.Y. Mar. 20, 2014) ....................4, 10

*Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*,
396 F.3d 96 (2d Cir. 2005)....................4, 12

*Yang v. Focus Media Holding Ltd.*,
No. 11 Civ. 9051 (CM), 2014 WL 4401280 (S.D.N.Y. Sept. 4, 2014) ....................13

**Rules**

Fed. R. Civ. P. 23(h) ....................................................................................................1, 8

Pursuant to the Order Granting Lead Counsel's Motion for Attorneys' Fees, Payment of Litigation Expenses, and Incentive Award for Plaintiff ("Fee, Expense, and Incentive Award Order"), Dkt. 159, and Rule 23(h) of the Federal Rules of Civil Procedure, Settlement Class Counsel respectfully submits this Memorandum of Law and the accompanying Declaration of William V. Reiss[1] in support of Settlement Class Counsel's Motion for Supplemental Attorneys' Fees and Reimbursement of Litigation Expenses ("Reiss Decl."). Settlement Class Counsel requests a supplemental attorneys' fees award of $122,643.61, amounting to 10% of the $1,226,436.08 in contingent payments paid to the common fund ("Class Settlement Fund") since the Court previously awarded Settlement Class Counsel attorneys' fees,[2] as well as $36,740.56 in unreimbursed expenses.

Settlement Class Counsel adopts and incorporates the following documents: (1) its May 2, 2022 Motion for Attorneys' Fees, Payment of Litigation Expenses, and Incentive Award for Plaintiff, Dkt. 149 ("Initial Motion"); (2) the accompanying Declaration of Benjamin D. Steinberg, Dkt. 151 ("Steinberg Decl."); (3) the Memorandum of Law in support of Settlement Class Counsel's Initial Motion, Dkt. 152 ("Memorandum of Law in Support of Initial Motion"), and (4) Settlement Class Counsel's June 6, 2022 Reply Memorandum of Law in Support of its Initial Motion, Dkt. 158 ("Reply Memorandum").

[1] On October 24, 2024, the Court entered an Order substituting William V. Reiss for Kellie Lerner and Benjamin Steinberg as Settlement Class Counsel. Order Granting Motion to Substitute William V. Reiss for Kellie Lerner and Benjamin Steinberg as Settlement Class Counsel, Dkt. 165.

[2] Pursuant to the Settlement Agreement between Plaintiff and Defendants Vyera Pharmaceuticals, LLC, Phoenixus AG (together, "the Corporate Defendants"), Martin Shkreli, and Kevin Mulleady (collectively, the "Defendants") have caused $1,226,436.08 in additional contingent payments to be deposited into the Settlement Fund between June 17, 2022 and October 27, 2023.

## INTRODUCTION

After investing millions of dollars in time and resources, Settlement Class Counsel secured a settlement with the Defendants in December 2021, which required Corporate Defendants to pay the Settlement Class[3] a guaranteed up-front payment of $7 million, plus $21 million in potential contingent payments over time based on the Corporate Defendants' future revenue streams. Dkt. 141 ("Preliminary Approval Order"), at 5. Corporate Defendants made their first contingent payment on May 9, 2022, amounting to $560,000,[4] and have since made four additional contingent payments into the Settlement Fund totaling $1,226,436.08. Reiss Decl., ¶ 4.

On June 17, 2022, the Court awarded Settlement Class Counsel $1,500,000 in attorneys' fees, equivalent to 19.8% of the $7,560,000 settlement amount at the time. Fee, Expense and Incentive Award Order at 1. Based on Settlement Class Counsel's reported lodestar at the time, the Court's award resulted in a negative multiplier of 0.57.[5] The Court's Fee, Expense, and Incentive Award Order also provided that "[t]o the extent additional contingent settlement payments are paid into the Class Settlement Fund in the future, Lead Counsel may request additional attorneys' fees of up to 10% of any additional funds received." *Id.* at 2.

[3] Where otherwise not defined, the capitalized terms used herein shall have the same meaning as set forth in the defined terms in the January 28, 2022 Settlement Agreement, Dkt. 138-1, the Final Judgment and Order of Dismissal, Dkt. 160, and the previous Declaration of Eric J. Miller and associated exhibits, Dkt. 137.

[4] Corporate Defendants' initial contingent payment of $560,000 was received prior to the Court's Fee, Expense, and Incentive Award Order, and the Court factored that payment in calculating Settlement Class Counsel's initial fee award. Fee, Expense, and Incentive Award Order at 1. Accordingly, Settlement Class Counsel's request for fees is based on 10% of $1,226,436.08, which excludes the initial $560,000 contingent payment.

[5] This lodestar incorporated a conservative estimate of 3,535 hours of work, which excluded time spent conferring with third-party payors other than Plaintiff, completing tasks that would not typically be billed to a paying client, and preparing Settlement Class Counsel's Initial Motion. Steinberg Decl. ¶ 44. It also excluded time spent by individuals who billed less than 20 total hours to the case. *Id.*

Since the Court's initial award of attorneys' fees, Settlement Class Counsel along with the lawyers and staff at Robins Kaplan LLP ("Robins Kaplan") have expended significant time and resources to ensure the Settlement Class's ability to receive contingent payments from Defendants. On May 9, 2023, Corporate Defendants and their affiliates filed for bankruptcy, rendering uncertain the Settlement Class's ability to receive future contingent payments. *See In re Vyera Pharms., LLC*, 23-10605-JKS (Bankr. D. Del.). Settlement Class Counsel incurred more than 638 hours in attorney time—including objecting to the proposed bankruptcy plan on August 30, 2023 and negotiating with the bankruptcy parties—and $36,740.56 in expenses, much of which was devoted to preserving the Settlement Class's ability to receive these payments. *See Vyera Pharms., LLC*, 23-10605-JKS, ECF No. 234 (Objection of Creditor Daraprim Class Action Settlement Class to Debtors' Motion for Entry of an Order Approving Sale of Assets and Debtors' Use of Post-Sale Cash ("Bankruptcy Objection")), at 9; Reiss Decl., ¶¶ 15–18. The bankruptcy court approved a bankruptcy plan on October 3, 2023, which leaves unimpaired the Settlement Class's interest in Corporate Defendants' corporate assets. *See Vyera Pharms., LLC*, 23-10605-JKS, ECF No. 283-1 (Debtors' Third Amended Joint Subchapter V Plan of Reorganization and Liquidation ("Amended Bankruptcy Plan")), at 25–26; *id.*, ECF No. 313 (Findings of Fact, Conclusions of Law, and Order Confirmation the Debtors' Third Amended Joint Subchapter V Plan of Reorganization and Liquidation ("Confirmation of Amended Bankruptcy Plan")); Collateral Assignment and Security Agreement, Dkt. 151-2. In addition, Settlement Class Counsel and Robins Kaplan's lawyers and staff have expended substantial time and resources working with the Claims Administrator to process and adjudicate claims and to prepare a plan of distribution as set forth in Settlement Class Counsel's Motion for an Order Authorizing Distribution of the Net Settlement Fund filed simultaneously with this Motion. Reiss Decl., ¶ 14.

Settlement Class Counsel's requested supplemental fee award is consistent with the Court's Fee, Expense and Incentive Award Order and would compensate Settlement Class Counsel for the attorney and staff time incurred in defending the Settlement Class's interests throughout the bankruptcy proceedings, administering the Class Settlement Fund, and processing Corporate Defendants' ongoing payments.

Awarding Settlement Class Counsel an additional $122,643.61 in attorneys' fees would result in an aggregate fee award of $1,622,643.61, which would comprise 18 percent of the aggregate settlement amount to date ($8,786,436.08), well within the range of approval in this circuit. *E.g.*, *Thornhill v. CVS Pharmacy, Inc.*, No. 13 Civ. 5507(JMF), 2014 WL 1100135, at *3 (S.D.N.Y. Mar. 20, 2014) ("In this Circuit, courts typically approve attorney's fees that range between 30 and 33."); *In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, 991 F. Supp. 2d 437, 445 (E.D.N.Y. 2014) ("[I]t is very common to see . . . 30% contingency fees in cases with funds between $10 million and $50 million."). Moreover, applying a lodestar cross-check based on Settlement Class Counsel's lodestar expended from the filing of the complaint through September 30, 2024, the aggregate fee award would yield a negative multiplier of less than 0.50, well below the typical range of positive multipliers that courts approve in this Circuit. *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 123 (2d Cir. 2005) (upholding 3.5 multiplier and observing that "multipliers of between 3 and 4.5 have become common").

Settlement Class Counsel also seek reimbursement of $36,740.56 in out-of-pocket expenses. These expenses are reasonable in size and scope and are typically reimbursed in class actions as a matter of course.

## FACTUAL AND PROCEDURAL HISTORY

### A. The Initial Award of Attorneys' Fees

On June 17, 2022, the Court granted the Initial Motion, which awarded Settlement Class Counsel $1,500,000 in attorneys' fees, plus $294,055 in litigation expenses previously incurred and $52,500 in anticipated future litigation expenses related to Huntington National Bank's ongoing work overseeing the Settlement Class's security interest.[6] Reiss Decl., ¶ 3. The fee award was equivalent to approximately 19.8% of the settlement amount at the time.

### B. The Corporate Defendants' Bankruptcy Proceedings

Under the Settlement Agreement, the Corporate Defendants granted Settlement Class Counsel, on behalf of the Settlement Class, a security interest in various assets—including two of its most valuable drugs, Daraprim and Vecamyl, as collateral for the $21 million they owed in future contingent payments. Reiss Decl., ¶ 7; Collateral Assignment and Security Agreement, Dkt. 151-2; Settlement Agreement, Dkt. 138-1, ¶ 84. On February 8, 2023, Settlement Class Counsel perfected its security interest through filing a UCC-1 Financing Statement with the Delaware Department of State, U.C.C. Filing Section, and a UCC-1 Financing Statement with the Washington, D.C. Recorder of Deeds. Reiss Decl., ¶ 5; Bankruptcy Objection at 9; *Vyera Pharms., LLC*, 23-10605-JKS, ECF No. 234-1, Ex. E (financing statements).

On May 9, 2023, the Corporate Defendants and their affiliates filed for bankruptcy. *See Vyera Pharms., LLC*, 23-10605-JKS, ECF No. 1; *In re Phoenixus AG*, 23-10606-JKS (Bankr. D. Del.), ECF No. 1; Reiss Decl., ¶ 6. In order to preserve the Settlement Class's ability to receive contingent payments through the bankruptcy, Settlement Class Counsel timely filed proofs of

[6] Ultimately, it was unnecessary for Huntington Bank to perform work with respect to the Settlement Class's security interests, and no money was taken from the Class Settlement Fund in connection with the Court's award of anticipated future litigation expenses. Reiss Decl., ¶ 3.

claim against the Corporate Defendants on July 7, 2023, asserting secured claims in the amount of $19,273,636.04. Reiss Decl., ¶ 7; Bankruptcy Objection at 9. Nonetheless, on July 28, 2023, Corporate Defendants moved to sell all of their title and interest in and to the assets, rights and properties relating to Daraprim and Vecamyl free and clear of all liens, claims, encumbrances, and other interests. Reiss Decl., ¶ 8; Bankruptcy Objection at 10–11; *id.*, *Vyera Pharms., LLC*, 23-10605-JKS, ECF No. 171 at 2.[7] This sale would have gravely endangered the Settlement Class's ability to receive contingent payments. Reiss Decl., ¶ 8; Bankruptcy Objection at 11–12.

Settlement Class Counsel engaged in vigorous negotiations with the Corporate Defendants and other creditors in order to protect the Settlement Class's interest in these assets. Reiss Decl., ¶ 9; *see* Bankruptcy Objection at 13–15. When negotiations proved unsuccessful, Settlement Class Counsel filed a voluminous objection to the proposed bankruptcy sale in the U.S. Bankruptcy Court. *See* Bankruptcy Objection. The negotiations and objection required Settlement Class Counsel to expend considerable time and resources, logging 421 attorney hours and three days of travel to Wilmington, Delaware. Reiss Decl., ¶ 12. Settlement Class Counsel also retained a bankruptcy attorney, incurring over $15,000 in additional expenses. *Id.*, ¶ 20.

In the wake of the objection, Corporate Defendants assured Settlement Class Counsel that the sale leaves unimpaired Settlement Class Counsel's interest in Defendants' proceeds, ensuring that "the treatment provided to the Class Action Plaintiffs under the [Amended Bankruptcy] Plan will be fully consistent with [] the Class Action Settlement Agreement." Amended Bankruptcy

[7] ECF No. 171 refers to the Motion of the Debtors for Entry of an Order (I) (A) Establishing Bidding Procedures; (B) Approving Bid Protections; (C) Establishing Procedures Relating to Assumption and Assignment of Certain Executory Contracts, Including Notice of Proposed Cure Amounts; (D) Approving Form and Manner of Notice; (E) Scheduling a Hearing to Consider any Proposed Sale; and (F) Granting Certain Related Relief; and (II) (A) Approving a Sale; (B) Authorizing Assumption and Assignment of Certain Executory Contracts in Connection with the Sale; and (C) Granting Related Relief.

Plan at 25. The bankruptcy court approved this bankruptcy plan October 3, 2023, which protects Settlement Class Counsel's interest in the proceeds from sales of Corporate Defendants' assets. *See* Confirmation of Amended Bankruptcy Plan.

**ARGUMENT**

Consistent with the Fee, Expense, and Incentive Award Order, Settlement Class Counsel respectfully submits that the Court should grant Settlement Counsel's request for supplemental fees and reimbursement of Litigation Expenses. The supplemental fee request here was expressly contemplated in both the Settlement Agreement, Dkt. 138-1, ¶ 94, and the Court's Fee, Expense, and Incentive Award Order. The requested supplemental fee award is also supported by analysis of the *Goldberger* factors, as discussed in Settlement Class Counsel's Memorandum of Law in Support of Initial Motion, Dkt. 152, at 12–20. Finally, a lodestar cross-check analysis yields a negative multiplier of less than 0.50,[8] well below the median for complex cases in this Circuit.

In addition, Settlement Class Counsel requests that the Court award it $36,740.56 in unreimbursed litigation expenses. Litigation expenses are "compensable if they are of the type normally billed by attorneys to paying clients." *Guevoura Fund Ltd. v. Sillerman*, No. 1:15-CV-7192, 2019 WL 6889901, at *22 (S.D.N.Y. Dec. 18, 2019); *see generally* Memorandum of Law in Support of Initial Motion, Dkt. 152, at 21–22. The expenses requested to be reimbursed here are of the type normally billed to paying clients.

[8] As set forth in the Reiss Declaration, the multiplier of approximately 0.50 is equivalent to the requested aggregate attorneys' fees award of $1,622,643.61 (the already awarded $1,500,000 plus the requested $122,643.61) divided by Settlement Class Counsel's lodestar from inception through September 2024, $3,262,757.50.

## I. The Supplemental Motion for Attorneys' Fees Is Contemplated in Both the Settlement Agreement and the Court's Fee, Expense, and Incentive Award Order

The Settlement Agreement expressly contemplates that Settlement Class Counsel receives additional attorneys' fees and costs if the Class Settlement Fund receives additional payments from Defendants. Paragraph 94 of the Settlement Agreement provides that "Plaintiff and/or Lead Counsel will request any such attorneys' fees, costs, expenses, and service awards from the Court via motion. Nothing herein shall prevent Lead Counsel from seeking multiple awards of attorney's fees, costs, or expenses over time to account for Class Contingent Payments received in the future." Settlement Agreement, Dkt. 138-1, ¶ 94.

The Fee, Expense, and Incentive Award Order also expressly contemplates that Settlement Class Counsel receive additional attorneys' fees if the Class Settlement Fund receives additional payments from Corporate Defendants. Specifically, it provides that "[t]o the extent additional contingent settlement payments are paid into the Class Settlement Fund in the future, Lead Counsel may request additional attorneys' fees of up to 10% of any additional funds received." Fee, Expense, and Incentive Award Order.

## II. The Supplemental Fee Request Is Reasonable under the *Goldberger* Factors

As explained in the Memorandum of Law in Support of Initial Motion, "[a]ttorneys whose work created a common fund for the benefit of a group of plaintiffs may receive reasonable attorneys' fees from the fund." *See In re Credit Default Swaps Antitrust Litig.*, 13-md-2476-DLC, 2016 WL 2731524, at *16 (S.D.N.Y. Apr. 26, 2016) (cleaned up); Fed. R. Civ. P. 23(h) ("In a certified class action, the court may award reasonable attorney's fees."). Courts in the Second Circuit analyze the reasonableness of attorneys' fees awards under the *Goldberger* factors, which include: "(1) the time and labor expended by counsel; (2) the magnitude and complexities of the litigation; (3) the risk of the litigation . . . ; (4) the quality of representation; (5) the requested fee

in relation to the settlement; and (6) public policy considerations." *Goldberger v. Integrated Res., Inc.*, 209 F.3d 43, 50 (2d Cir. 2000) (internal quotation marks omitted). For the reasons set forth in the Initial Motion and for those additional reasons set forth below, Settlement Class Counsel's supplemental fee request is reasonable.

### A. Settlement Class Counsel Expended Substantial Time and Resources to Secure and Protect the Rights of the Settlement Class to Achieve the Maximum Recovery under the Settlement Agreement

Since the Court's issuance of the Fee, Expense, and Incentive Award Order, Settlement Class Counsel, Robins Kaplan lawyers, and their professional support staff incurred: (1) approximately 26 hours in time protecting the Settlement Class's security interests pre-bankruptcy; (2) over 420 hours in attorney and staff time vigorously defending the Settlement Class's interests throughout the Corporate Defendants' bankruptcy proceedings: and (3) nearly 192 hours in attorney and staff time working to secure final Court-approval of the settlement, process and adjudicate claims (in conjunction with the Claims Administrator), respond to questions of Settlement Class Members, and distribute the settlement proceeds to the Settlement Class. Reiss Decl., ¶ 14.

As detailed above, Settlement Class Counsel's work to protect and defend the Settlement Class's security interests included: (1) perfecting its security interest in Corporate Defendants' assets; (2) filing proofs of claim in U.S. Bankruptcy Court; (3) negotiating with the Corporate Defendants to ensure that any bankruptcy settlement protected the Settlement Class's ability to receive contingent payments from Corporate Defendants' proceeds; (4) drafting a detailed, 17-page objection to the Corporate Defendants' proposed bankruptcy settlement; (5) retaining and working with bankruptcy counsel to make appropriate filings and objections in the bankruptcy proceedings; (5) attending bankruptcy court hearings and proceedings; and (6) drafting and

negotiating an amended bankruptcy plan. *Id*, ¶¶ 12–13. This extensive work supports the reasonableness of Settlement Class Counsel's supplemental fee request.

Further, Settlement Class Counsel expended nearly 192 hours of attorney and staff time working to secure final approval of the Settlement Agreement and in connection with the claims administration and distribution process. *Id.*, ¶ 14. This work included, among other things: (1) preparing a motion for final approval of the Settlement Agreement and a reply to that motion; (2) preparing for and participating in the Court's fairness hearing; (3) processing incoming contingent payments; (4) coordinating with the Claims Administrator to review and process claims from Settlement Class members; and (5) preparing the Motion for an Order Authorizing Distribution of the Net Settlement Fund filed simultaneously with this Motion. *Id*.

**B. The Requested 10% Fee Is Reasonable**

Settlement Class Counsel's supplemental request for fees amounting to 10% of the $1,226,436.08 in contingent payments paid by Corporate Defendants into the Class Settlement Fund between June 17, 2022 and October 27, 2023 represents a relatively modest 18 percent of the aggregate settlement amount that is below applicable norms and guideposts for settlements of this size. "In this Circuit, courts typically approve attorney's fees that range between 30 and 33." *Thornhill v. CVS Pharmacy, Inc.*, 2014 WL 1100135, at *3 (collecting cases,); *see also Guevoura Fund Ltd. v. Sillerman*, 2019 WL 6889901, at *15 ("In this Circuit, courts routinely award attorneys' fees that run to 30% and even a little more of the amount of the common fund."); *In re Payment Card Interchange Fee*, 991 F. Supp. at 445 ("[I]t is very common to see . . . 30% contingency fees in cases with funds between $10 million and $50 million.").

Further, courts in this Circuit have regularly awarded attorneys' fees for work performed to benefit the class post-settlement approval—even where *no* additional monies came into the settlement fund. *See Cassese v. Wash. Mut., Inc.*, 27 F. Supp. 3d 335, 339 (E.D.N.Y. 2014) ("As

Class Counsel has performed a benefit to the class with its additional post-settlement work, the Court will supplement its original fee award with the residual amount in the Net Settlement Fund after deducting the cost of the additional postcard notice."); *In re Visa Check/MasterMoney Antitrust Litig.*, 96-CV-5238, 2009 U.S. Dist. LEXIS 124831, *21–22 (E.D.N.Y. Aug. 12, 2009), *report and recommendation adopted by* 96-CV-5238, 2009 U.S. Dist. LEXIS 100873 ("There is no question but that the above-described efforts provided a significant benefit to the Class. I therefore respectfully recommend that this Court find that Lead Counsel is entitled to an award of reasonable attorneys' fees for this time period."); *Fears v. Wilhelmina Model Agency, Inc.*, 02-CIV-4911, 2007 WL 1944343, at *6 (S.D.N.Y. July 5, 2007) ("[A]s Plaintiffs' counsel has performed a benefit to the class with its additional post-settlement work, I will supplement my original May 5, 2005 award of counsel fees with an award of fees for supplemental work performed since the original fee application").

## III. A Lodestar Cross-Check Yields a Negative Multiplier of Less than 0.50, Which Confirms that Settlement Class Counsel's Fee Request Is Reasonable

When applying a percentage-of-the-fund approach, courts in this Circuit conduct a lodestar cross-check by "multipl[ying] the reasonable hours billed by a reasonable hourly rate." *In re Colgate-Palmolive Co. ERISA Litig.*, 36 F. Supp. 3d 344, 347 (S.D.N.Y. 2014); *see generally* Memorandum of Law in Support of Initial Motion at 20–21.

Since the filing of the Initial Motion on May 2, 2022, Settlement Class Counsel and Robins Kaplan lawyers and professional staff have devoted approximately 639 hours in time to this case. *See* Reiss Decl., ¶ 15. This total includes $428,177 in lodestar performing the tasks described *supra* pp. 9–10 to safeguard the Settlement Class's ability to receive contingent payments in the wake of Corporate Defendants' bankruptcy filing (in addition to $25,695.50 lodestar to protect the Settlement Class's security interests pre-bankruptcy) and $144,522.00 in lodestar working with

the Claims Administrator to process and adjudicate claims and ensure an equitable distribution of the Net Settlement Fund.[9] When Settlement Class Counsel's 638.7 hours are multiplied by their normal hourly rates (which ranged from $560 to $1,125 for attorneys) and added to the lodestar of $2,637,525 (based on 3,535 hours of work) submitted in connection with the Initial Motion, Settlement Class Counsel's aggregate lodestar in this case is $3,262,757.50. *Id.*, ¶ 17. The hourly rates of Settlement Class Counsel and their professional staff are in line with prevailing market rates and the rates customarily charged to paying clients. *Id.*, ¶ 18.

Based on Settlement Class Counsel's aggregate lodestar of $3,262,757.50, the requested attorneys' fee award of $1,622,643.61 (the original award of $1.5 million plus $122,643.61—10% of the $1,226,436.08 received since then) yields a negative lodestar multiplier of less than 0.50. *Id.*, ¶ 19. Far from a windfall, this negative multiplier indicates that, if its motion were granted, Settlement Class Counsel would receive less in fees than the value of the attorney and staff time it invested in the case. The negative multiplier of less than .50 is significantly below the range of positive lodestar multipliers that courts typically approve, which can be "up to eight times the lodestar, and in some cases, even higher." *Beckman v. KeyBank, N.A.,* 293 F.R.D. 467, 481 (S.D.N.Y. 2013*)* (awarding a multiplier of 6.3 and collecting cases awarding multipliers between 6 and 8); *see also Wal-Mart*, 396 F.3d at 123 (upholding 3.5 multiplier and observing that "multipliers of between 3 and 4.5 have become common"). This lodestar cross-check confirms that Settlement Class Counsel's fee request is reasonable and should be granted.

[9] This is a conservative total that excludes the time of individuals who billed less than 20 total hours to the case, time spent on tasks that would not typically be billed to a paying client, and time spent preparing this motion. *Id.* It also excludes all of Settlement Class Counsel's time and lodestar incurred during the month of October, which was largely devoted to finalizing the Motion for an Order Authorizing the Distribution of the Net Settlement Fund.

## IV. Settlement Counsel's Request for Reimbursement of Expenses Is Reasonable

Settlement Class Counsel also requests to be reimbursed from the Class Settlement Fund for $36,740.56 in expenses incurred since the filing of the Initial Motion. These expenses were required for Settlement Class Counsel to preserve the Settlement Class's ability to receive contingent payments through the Corporate Defendants' bankruptcy, as well as to administer the Class Settlement Fund and ongoing contingent payments. As discussed in the Memorandum of Law in Support of Initial Motion, "[c]ourts in the Second Circuit normally grant expense requests in common fund cases as a matter of course." *In re Vitamin C Antitrust Litig.*, No. 06-MD-1738 (BMC)(JO), 2012 WL 5289514, at *11 (E.D.N.Y. Oct. 23, 2012).

Here, the $36,740.56 in costs that Settlement Class Counsel have advanced are reasonable in both size and type.[10] As itemized in the Reiss Declaration, Settlement Class Counsel's primary expenses were for retaining a bankruptcy attorney in the bankruptcy matter ($15,719.38), travel to court appearances in the bankruptcy matter ($1,487.05), and data hosting and e-discovery fees ($16,002.90). Reiss Decl., ¶ 20.

Settlement Class Counsel's remaining litigation expenses, which account for less than 10% of the total for which Settlement Class Counsel seeks reimbursement, consist of reasonable costs for photocopying, legal research, filing and PACER fees, service fees, and mailing and telephone charges. *Id.,* ¶ 21. These types of expenses are routinely reimbursed in class actions. See *Yang v. Focus Media Holding Ltd.*, No. 11 Civ. 9051 (CM)(GWG), 2014 WL 4401280, at *19 (S.D.N.Y.

[10] The Court previously ordered that Settlement Class Counsel "may continue to pay from the Class Settlement Fund the actual costs of notice, settlement administration, and taxes without further order of the Court." Fee, Expense, and Incentive Award Order at 2. The litigation expenses for which Settlement Class Counsel seek reimbursement for here are separate and apart from costs associated with notice, settlement administration, and taxes.

Sept. 4, 2014) (finding computer research, photocopying, postage, meals, and court filing fees "necessary for Lead counsel to successfully prosecute this case").

## CONCLUSION

For the foregoing reasons, Settlement Class Counsel respectfully requests that the Court approve its supplemental request for attorneys' fees and reimbursement of litigation expenses.

Dated: November 7, 2024

By: /s/ William V. Reiss

William V. Reiss
1325 Avenue of the Americas,
Suite 2601
New York, NY 10019
Telephone: (212) 980-7400
Facsimile: (212) 980-7499
wreiss@robinskaplan.com

*Counsel for Plaintiff BCBSM, Inc., d/b/a Blue Cross and Blue Shield of Minnesota, and the Settlement Class*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 7th day of November 2024, a copy of the foregoing document was filed electronically on the Court's Electronic Case Filing (ECF) system. A Notice of Electronic Filing (NEF) will be sent by operation of the Court's ECF system to the filing party, the assigned Judge, and any registered user in the case as indicated on the NEF. To the best of my knowledge, there are no other attorneys or parties who require service by U.S. Mail.

November 7, 2024

By: */s/ William V. Reiss*
William V. Reiss
1325 Avenue of the Americas, Suite 2601
New York, NY 10019
Telephone: (212) 980-7400
Facsimile: (212) 980-7499
wreiss@robinskaplan.com

*Counsel for Plaintiff BCBSM, Inc., d/b/a Blue Cross and Blue Shield of Minnesota, and the Settlement Class*